## Ferdinand Specht v. The City of Detroit.

*The writ of Certiorari: Supreme Court.* The writ of *certiorari* out of the Supreme Court is a constitutional writ; of the power to issue which, the Court cannot be deprived by legislative enactment; the power, however, should be exercised sparingly where other adequate remedies exist. *Farwell v. Taylor, 12 Mich.,* 113.

*Detroit Charter: Opening Alleys: Notice.* In condemning private property to public use as streets, alleys, &c., under the charter of the City of Detroit, the resolu-

tion of the Common Council directing the City Attorney to proceed, is analogous to a warrant of attorney as it relates to the action of the Court; while the notice that he is required to give, is in the nature of process which must strictly conform to the charter; and if it be defective in any essential particular, the Court will obtain no jurisdiction.

A notice that a jury will be empanneled to determine the just compensation to be paid for property to be taken for an alley, will be essentially defective if it do not give notice that the jury will apportion and assess the compensation to be paid to and upon all lots, premises or subdivisions thereof, *within the block in which the alley is situated*, and which will be benefited by the proposed improvement.

*Heard April 8. Decided April 12.*

*Certiorari :* To the Recorder's Court for the City of Detroit, to review the proceedings for opening and extending an alley between Lafayette avenue and Howard street, from the west line of the Woodbridge Farm to Twelfth street, in the Ninth Ward of the city of Detroit.

On 18th May, 1869, the Common Council passed a resolution, as follows:

" *Be it resolved, by the Common Council of the City of Detroit,* That it is necessary to open and extend an alley between Lafayette avenue and Howard street, from the west line of the Woodbridge Farm to Twelfth street, in the Ninth Ward, described by metes and bounds, courses and distances as follows: All that part of Lognon and Thompson farms bounded and described as follows: Commencing at," &c., [describing the premises.]

" *And be it further resolved by the said Common Council,* That the City Attorney be and he is hereby directed to apply to the Recorder's Court for the drawing and empanneling of a jury required in such cases, and to give notice in accordance with the city charter."

The notice given by the City Attorney in pursuance to the direction of the Common Council is in the following terms:

" Alley in the Ninth Ward.—Notice is hereby given that the Common Council of the city of Detroit have determined to open and extend an alley between Lafayette avenue and Howard street, from the west line of the Woodbridge Farm to Twelfth street, in the Ninth Ward, which said improve-

ment is described as follows: All that part of the Lognon and Thompson farms, bounded and described as follows: Commencing at," etc., [description as in the resolution] "and to take therefor such private property within said limits as may be necessary for said improvement, and that on Thursday, the 8th day of July, A. D. 1869, in accordance with the instructions of said Common Council, I shall apply to the Recorder's Court of said city, at 9 o'clock in the forenoon of that day, to have a jury of twelve freeholders drawn and empanneled, to determine the necessity for using said property for said improvement, and to apportion and assess the compensation to be paid to the several owners or persons entitled to receive the same, to and upon all lots, premises or subdivisions thereof which will be benefited by the proposed improvement.

The jury was empanneled on the 8th of July, — the day appointed in the notice. The report of the jury was filed on the 19th of July, and on the 5th of August it was confirmed in the Recorder's Court. In the award of benefits and damages, as found by the jury, Ferdinand Specht was assessed for benefits over his damages, the sum of $118.44. Specht, in his affidavit for the allowance of a *certiorari*, states that he had been informed before the confirmation of the proceedings by the Recorder's Court, that the proceedings were in many respects irregular and insufficient; some of these defects, he states, were pointed out to the City Attorney and City Counsellor; and that he received the impression, from what was said by these officers, that these proceedings would be withdrawn, or not confirmed. They were however confirmed by the Common Council; who, on the 17th of August, ordered the alley opened; and on the 27th, he obtained the allowance of a writ of *certiorari* to remove the proceedings to this Court.

*G. H. Prentis and T. Romeyn*, for plaintiff in error.

*J. J. Brown, City Attorney*, for defendant in error.

GRAVES, J.

It is objected by the city that this proceeding by *certiorari* is not warranted, because the plaintiff in the writ had a complete remedy by appeal, of which he neglected to avail himself, and thus having suffered the time for appealing to pass without an effort to resort to that mode before sueing out the *certiorari*, the judgment of the Recorder's Court became conclusive.

The authority to award the writ in this class of cases results from the Constitution and cannot be taken away by legislative enactment. It is true that legislative provisions in given instances, may supersede the necessity for reviewing questions in this form, but the propriety of proceeding by *certiorari* in those cases, to which by the principles of the common law it is rightly adapted, must depend upon a sound judicial discretion. Upon this point we reiterate what was said in *Farwell v. Taylor, 12 Mich., 113*, that " the power is one which should be exercised sparingly in cases where other adequate remedies can be had; and when a decision can be taken up by appeal, and on that appeal the jurisdictional questions as well as those arising on the merits can be fully disposed of, a *certiorari* should not be allowed, *unless circumstances exist, which show that a failure of justice will result from denying it.*"

The proceeding now sought to be reviewed was one promoted by the city to condemn the property of Specht to a public use, and it is materially different in its nature and course, as also in its consequences, from an ordinary litigation between party and party, and the courts in such cases have never been accustomed to make rigid application of the rules recognized in ordinary actions, under the head of waiver. Indeed the legal tribunals have generally found it necessary to the ends of justice, in matters of this kind, to incline somewhat towards indulgence, and, without enlarging their jurisdiction, to amplify the remedy.

While the property rights of individuals ought never to be infringed, under the guise of legal authority or regulations, the danger of their being so in proceedings taken professedly under the power to condemn private property to public use has been universally felt and acknowledged. And this danger is especially recognized in the safeguards provided by the Constitution, and in general in the specific and elaborate statutory provisions relating to that subject.

The law under which the city assumes to act in this case is not an exception to this rule.—*Laws of 1869, pp. 1686, 1707, 1720.*

While adequate power is given to the city by the charter, the various steps to be taken in the exercise of that power are carefully delineated, and appear to have been devised with no inconsiderable care. And according to the uniform course of decision there could be no substantial departure from any of the fundamental requirements there made without vitiating the proceeding.

On turning to the papers before us we can discover no evidence that the plaintiff in *certiorari* appeared in any stage of the business, and we cannot presume that he did so. We notice this circumstance, simply for the reason that the counsel for the city was understood as insisting that the party appeared before the jury and presented his claims, and that therefore he should be considered as having submitted himself to the jurisdiction. Without determining the scope of the remedy by appeal, we are satisfied that, in this case, "circumstances exist which show that a failure of justice will result," if we refuse to review these proceedings, and we are therefore disposed to retain the case.

The Common Council of Detroit are empowered to take private property for alleys, etc., *but the necessity for using it and the compensation to be made must be determined by a jury.—Section 1 as amended in 1869, of chap. 7 of Charter.*

When the Council have determined to take property for

such uses, they are by resolution to direct the City Attorney to proceed in the Recorder's Court to obtain an inquisition by jury, and a confirmation in that Court of the finding by the jury, and the charter prescribes the course of proceedings, from their institution in the Recorder's Court to their conclusion, with great particularity. The proceedings are to be initiated in Court by notice from the City Attorney containing a precise statement of their nature and object, and this notice is to be published once a week for four successive weeks in the official daily newspaper and one other daily newspaper of the city. Copies of the notice are also to be served if practicable, or posted, and *when the law has been complied with in regard to notice, the owners of any private property, intended to be taken for said improvement and all persons interested therein, are to take notice of and be bound by all subsequent proceedings* without further notice, except as afterwards provided in the act. Within five days after the first publication of this notice, *the City Attorney is required to file a copy of the notice* and of the resolution of the Council instructing him to proceed in the Recorder's Court, with the Clerk, and *thereupon,* and at least three weeks before the time fixed for drawing a jury, the clerk is required to issue a summons for jurors.—§§ *2, 3, as amended in 1869, of ch. 7, of Charter.*

It is seen that this notice made by the City Attorney, by direction of the Council, and filed in the Recorder's Court with the evidence as to publication, posting and service, is the foundation of the proceedings in that Court. It is that which immediately puts the Court in motion, specifies the things to be done by the jury, and informs those interested of the precise character of the matter in hand. It takes the place of process as against those whose rights are to be affected, and serves as a qualified guide in the subsequent proceedings; and if it be defective in any essential particular, the Court will obtain no jurisdiction.

The resolution of the Council directing the City Attorney to proceed is not required to have the same publicity, and is more analogous to a warrant of attorney, as it relates to the action of the Court, than to any step taken in the Court to compel action.

The charter declares that the notice in question shall state "that the Common Council have determined to make such improvement, describing it by metes and bounds, courses and distances, and *to take therefor such private property within said limits as may be necessary*, and that on a certain day therein to be mentioned, and not less than ten days after the date of the last of said publication he will apply to the Recorder's Court of said city to have a jury of twelve freeholders drawn and empanneled *to determine the necessity for using said property, and the just compensation to be paid therefor*, and in case of opening, widening, straightening, or altering any alley or alleys, said notice *shall also contain the further statement that said jury will also apportion and assess the compensation to be paid to the several owners, or persons entitled to receive the same to and upon all lots, premises, or sub-divisions thereof, within the block in which the alley in question is situated, and which will be benefited by the proposed improvement.*"—§ *2 as amended in 1869 of ch. 7 of Charter.*

The resolution of the Council directing the attorney in this case to give the notice simply instructed him to apply to the Recorder's Court for the drawing and empanneling of a jury required in such cases, "*and to give notice in accordance with the city charter*," and the notice actually given, after stating that the Council had determined to open and extend an alley of the width and course, and between the points which were described, and to take therefor such private property, within certain limits, as should be necessary for said improvement, proceeded as follows:—"And that on Thursday, the 8th day of July, 1869, in accordance with the instructions of said Common Council, I shall apply to

the Recorder's Court of said city at nine o'clock in the forenoon of that day, to have a jury of twelve freeholders drawn and empanneled *to determine the necessity for using said property for said improvement, and to apportion and assess the compensation to be paid to the several owners or persons entitled to receive the same, to and upon all lots, premises, or sub-divisions thereof, which will be benefited by the proposed improvement."*

The broad and essential difference between the notice given and that required by the Charter is seen at once. The Charter required that the notice should state that the jury would be called to determine the just compensation to be paid for using the property taken, and this was wholly omitted. In case of an alley the notice was further required to state that the jury would also apportion and assess the compensation to be paid to and upon all lots, premises or sub-divisions thereof, *within the block in which the alley is situated and which will be benefited by the proposed improvement,* but in lieu of this, it was stated in the notice that the *compensation would be apportioned and assessed to and upon all lots, premises or sub-divisions thereof, which would be benefited by the proposed improvement,* omitting altogether the qualifying words as to locality contained in the charter. The provisions of the Charter in these respects are material and imperative, and the departures from them in the notice were not merely verbal or formal, but substantial and fundamental. The errors they involve are so evident and decisive as to require neither reasoning nor authority to make them more clear and emphatic. As these defects are fatal to the proceedings, we are not inclined to consider the other objections raised on the argument of the case.

The proceedings in the Court below must be quashed with costs.

The other Justices concurred.