## CITY OF SHERIDAN v. CADLE.

(No. 860; Decided May 25th, 1916; 157 Pac. 892.)

CERTIORARI—MUNICIPAL COURTS—PROSECUTION UNDER ORDINANCES— RIGHT OF APPEAL TO DISTRICT COURT—QUASI-CRIMINAL PROSECU- TIONS—AUTHORITY TO ISSUE WRIT OF CERTIORARI—NOT A WRIT OF RIGHT—ISSUANCE OF WRIT DISCRETIONARY WITH THE COURT—PRO- HIBITION—WRIT OF PROHIBITION NOT A WRIT OF RIGHT—CERTIORARI NOT ISSUED WHEN OTHER ADEQUATE REMEDIES EXIST—CRIMINAL LAW— APPEAL— BILL OF EXCEPTIONS— STATUTES— ORDINANCES— APPELLATE JURISDICTION OF DISTRICT COURTS.

♦ 1. A prosecution in a municipal court for disorderly conduct in violation of a city ordinance prescribing a penalty of fine

or imprisonment is a quasi-criminal prosecution and not a civil case.

2. A writ of certiorari is a common law writ and under the power conferred by Const., Art. V, Sec. 3, the Supreme Court has authority to issue it subject to the conditions and limitations controlling the writ at common law, àt least in cases not coming within the operation of Comp. Stats. 1910, Section 5130 (Laws 1886, C. 60, Section 801), providing for the abolition of .the writ in civil cases.

3. The writ of certiorari is not a writ of right, but its issuance is discretionary to the court, though such discretion should not be exercised arbitrarily or capriciously, and it should not be granted where other adequate remedies are open to the petitioner.

4. The writ of prohibition is discretionary and not a writ of right.

5. Statutory provisions for the presentation and review of exceptions reserved by a prosecuting attorney in a criminal case (Comp. Stat. 1910, Sections 6243-6245) apply only to cases wherein the accused is charged with an offense against the laws of the state, and not to a prosecution in a municipal court for the violation of an ordinance.

6. Comp. Stats. 1910, Section 1753, provides for appeal in all cases before police justices arising under ordinances wherein the fine assessed exceeds $10.00 and is not in conflict with and did not repeal Section 952, Comp. Stats. 1910, allowing an appeal from municipal courts to the district courts in all cases.

ORIGINAL application by the City of Sheridan for a writ of certiorari to review the action of the District Court in and for Sheridan county in a cause determined by such court on appeal from the municipal court of the City of Sheridan, wherein S. P. Cadle, who had been prosecuted in the municipal court for disorderly conduct in violation of a city ordinance, found guilty, and sentenced to pay a fine, was in the District Court on appeal adjudged not guilty and discharged.

*H. N. Gottlieb,* for petitioner.

Prohibition will not issue where there is another adequate remedy available. (32 Cyc. 613-617.) The authorities are in conflict as to whether the writ of certiorari will issue to review void proceedings. (4 Ency. Pl. & Pr. 49.) The bet-

ter rule supports the issuance of the writ. Prosecutions under city ordinances are generally classified as criminal actions. (28 Cyc. 783.) This is especially true of the case at bar which was prosecuted upon a criminal complaint. (Sections 1752-1755, Comp. Stats. 1910.) The case of Jenkins v. City, 1 Wyo. 289, is predicated upon an early territorial statute and does not appear to be applicable to this case. Sections 6242-6245 providing for the review of exceptions taken by prosecuting attorneys in criminal cases does not seem to apply to this case; moreover the remedy is inadequate. Certiorari appears to be the proper remedy. (Grand Rapids v. Braudy, 105 Mich. 670, 64 N. W. 29) ; Section 952, Comp. Stats. 1910, has been qualified by the enactment of Section 1753; the fine being less than $10.00 the remedy by appeal under Section 1753 has been cut off.

*Louis J. O'Marr*, for petitioner.

Section 1753, Comp. Stats. 1910, would seem to be conclusive on the question of appellate jurisdiction; the District Court was without jurisdiction, the fine being less than $10.00; the right of appeal is regulated by statute. (Section 23, Art. V. Const; Mau v. Stoner, 14 Wyo. 183.) Section 1753 having mentioned the cases in which appeals were permitted, appeals in other cases are excluded by application of the maxim, *expressio unius est exclusio alterius*. (Lewis' Statutory Construction, Sec. 491 and cases cited.) Section 952, Comp. Stats. 1910, does not govern the appeal in the case at bar.

*F. W. Byrd*, for defendant.

If the District Court acted without jurisdiction, its action is void and certiorari will not lie. (6 Cyc. 761.) If the District Court acted within its jurisdiction certiorari will not lie. If the city is in doubt as to the legal question involved Section 6243, Comp. Stats. 1910, supplies a remedy. Section 952, Comp. Stats., permits an appeal in all cases and the principle is incorporated in Section 91, Art. I, Chapter 6, Compiled Ordinances of Sheridan. Section 1753 does

not expressly prohibit the right of appeal in all cases, as is set forth in Section 952. The city had an adequate remedy by writ of prohibition. The writ will not lie where no appreciable injury has resulted, (6 Cyc. 749), and if issued at all must be sued out before and not after verdict. (Id. 754.) The petition should be dismissed and the writ denied.

POTTER, CHIEF JUSTICE.

This is a proceeding instituted in this court by the City of Sheridan by filing a petition for a writ of certiorari to review the action of the District Court in and for Sheridan County in a cause determined by said court on appeal from the municipal court of said city, wherein one S. P. Cadle, the defendant named in the petition, had been prosecuted in the municipal court for disorderly conduct in violation of a city ordinance, found guilty, and sentenced to pay a fine of five dollars and the costs assessed at $10.55, and in the district court on said appeal was adjudged not guilty and discharged. The petition alleges that after the taking of said appeal and the filing of the same with the papers in the cause in the office of the clerk of the district court the city filed a motion to dismiss the appeal and remand the cause to the municipal court for the execution of the sentence of that court, on the ground that the district court was without jurisdiction to entertain the appeal; that said motion was overruled and the city thereupon announced its intention to rely upon its exception to the overruling of said motion and declined to introduce any testimony; that said court proceeded to try the cause, found the defendant not guilty, and entered final judgment that the defendant be discharged, that his appeal bond be exonerated, and that he recover his costs from the city, to which the city at the time excepted. The prayer of the petition in substance is that the district court's action upon the motion to dismiss the appeal be reviewed and reversed and the cause remanded to the municipal court for the execution of its said sentence, and to that end that a writ of certiorari be issued requiring the record in the cause to be certified to this court, that summons be issued to the

defendant to appear and defend against the relief prayed, that. an order be entered for the filing of briefs, and that after hearing the petitioner be granted the relief aforesaid and such further and other relief as may seem to the court just and equitable in the premises.

The cause has been heard on the petition for the writ, with the understanding that if the city's contentions be sustained the writ shall issue, and the case disposed of accordingly, unless upon a further hearing after the return of the writ, should that be insisted upon, a different conclusion shall be reached respecting the substantive merits of the controversy. This course was taken following our request that briefs be submitted on the question of the power to issue the writ and the propriety thereof in this case, this appearing to be the first instance of an application to this court for review on certiorari. Briefs were submitted as requested by H. N. Gottlieb, city attorney, representing the petitioner, and F. W. Byrd, representing the defendant; the defendant's brief covering the question of the jurisdiction of the district court on said appeal, as well as the authority of this court to issue the writ and the propriety of its issuance in this case. It appearing from the briefs that the facts to be shown by the record as stated in the petition were not disputed, we then suggested that the whole matter might be heard and considered upon the petition with the understanding above stated, and thus avoid the additional expense of bringing the record here if our conclusion should be against the petitioner upon grounds that would ultimately dispose of the case. A brief for the city on the question of the district court's jurisdiction to entertain the appeal was thereupon submitted by L. J. O'Marr, who had succeeded Mr. Gottlieb as city attorney.

The defendant does not contend that this court would be without authority to issue the writ of certiorari in a case of this kind, but opposes its issuance on other grounds. However, we would not feel justified in determining the other questions raised by the application without first inquiring

into the court's power to employ the writ for the purpose stated in the petition. The constitution declares that this court shall have general appellate jurisdiction, co-extensive with the state, in both civil and criminal causes, and a general superintending control over all inferior courts, under such rules and regulations as may be prescribed by law. (Art. V, Sec. 2.) And that it "shall also have power to issue writs of mandamus, review, prohibition, habeas corpus, certiorari, and other writs necessary and proper to the complete exercise of its appellate and revisory jurisdiction." (Art. V, Sec. 3.) Prior to the adoption and taking effect of the constitution the writ of certiorari to reverse, vacate or modify judgments or final orders in civil cases was abolished. (Laws 1886, Ch. 60, Sec. 801, Revised Stat. 1887, Sec. 3149.) That provision has remained in the statutes (Comp. Stat. 1910, Sec. 5130), and they contain no provision for the issuance of the writ in other cases.

A similar territorial statute in Oklahoma was held by the Supreme Court of that state to be no longer in force because in conflict with a provision of the State Constitution granting the court power to issue the writ, like that found in the Constitution of this state; and the court further held that by such constitutional provision the writ was authorized as it exists at common law, as an aid to the Supreme Court in the exercise of its general superintending control over all inferior courts, boards and commissions, but to bring up the record for investigation and review as to jurisdictional errors only. (Baker v. Newton, 22 Okl. 658, 98 Pac. 931; Palmer v. Harris, 23 Okl. 500, 101 Pac. 852, 138 Am. St. Rep. 822.) But it is unnecessary in this case to consider the present effect of said statute abolishing the writ in civil cases, and we shall not attempt to decide that question, for this is not a civil case. Although it was held in Jenkins v. City of Cheyenne, 1 Wyo. 289, that a prosecution for the violation of a city ordinance was a civil action, that decision was based upon a statutory definition of civil and criminal actions not now found in the statutes. But under the stat-

utes now in force such a prosecution must clearly, we think, be treated as at least *quasi*-criminal. It is usually commenced by a complaint upon which a warrant issues for the arrest of the accused, and the penalty imposed is either a fine or imprisonment or both. All the special charters and the general laws for the incorporation of cities and towns contain provisions referring for the practice in such cases to the law relating to the procedure before justices of the peace in criminal cases. The charter of the City of Cheyenne provides that the practice before the police justice shall conform as near as may be to the provisions of the justice code concerning the procedure in criminal cases for the trial of misdemeanors. (Comp. Stat. 1910, Sec. 1366.) The Laramie charter provides that appeals from a judgment or sentence in the police courts may be taken in the same manner as appeals from justices' courts in criminal cases, and shall be dealt with by the courts as criminal cases. (Id., Sec. 1462.) A like provision is found in the Rawlins charter, and in the general law for the incorporation of towns. (Id., Secs. 1541, 1603.) The general statute relating to cities of the first class, under which the City of Sheridan is now organized, prescribes that the trial of cases in the police court for the violation of city ordinances shall be conducted in all respects, not therein otherwise provided for, in like manner as criminal cases before justices of the peace; and under the other provisions of that statute relating to the matter the practice is either made conformable to or resembles the criminal procedure prescribed for justice courts. Then there is a general law establishing a municipal court in each of the incorporated cities and towns in the state, for the expressed purpose of trying "all offenses arising under ordinances," and providing that the judges of such courts shall be styled police justices, with such jurisdiction as shall be prescribed either in the special charter or the general law under which the city or town is organized, or by any general law passed for that purpose.

The writ of certiorari is a common law writ, and under the power conferred as aforesaid by the Constitution we

think it must be held that the court has authority to issue it, at least in cases not coming within the operation of the statute abolishing it, subject to the conditions and limitations controlling the writ at common law. (Jackson v. People, 9 Mich. 111, 77 Am. Dec. 491; Specht v. Detroit, 20 Mich. 168; City of Grand Rapids v. Braudy, 105 Mich. 670, 64 N. W. 29, 32 L. R. A. 116, 55 Am. St. Rep. 472; In re. Mac-Knight, 11 Mont. 126, 27 Pac. 336, 28 Am. St. Rep. 451; Hannibal & St. Joe R. R. Co. v. Board, 64 Mo. 294, 308; State ex rel. Mau v. Ausherman, 11 Wyo. 410, 72 Pac. 200, 73 Pac. 548; Baker v. Newton, supra; Palmer v. Harris, supra.)

The principal objections urged against the use of the writ in this case may be summarized as follows: (1) That if the appeal to the district court was not authorized the judgment of that court is void, leaving the judgment of the municipal court unimpaired with the right of the city to proceed thereunder by causing the imprisonment of the defendant upon his failure to pay the fine assessed against him; and that certiorari will not lie to review a void judgment. (2) That the city might have applied for a writ of prohibition when the appeal was taken, and that there was therefore an adequate remedy sufficient to authorize the denial of the writ now applied for. (3) That the district court had jurisdiction of the appeal. The writ of certiorari is not one of right, but its issuance is discretionary with the court, though such discretion should not be exercised arbitrarily or capriciously; and the writ will not as a rule be granted where other adequate remedies are open to the petitioner. Although an unquestionable ground for the writ is the want of jurisdiction in the proceeding sought to be reviewed, it is said that as a rule the writ will not lie where the proceedings or determination are absolutely null and void. (6 Cyc. 761.) But it is also said that the question has been variously decided in the different states, and that the doctrine in several of the states is that, although a reversal of void proceedings by certiorari is not essential, yet since one of

the main purposes of the writ is to keep inferior tribunals within the bounds of their jurisdiction, it will be granted as being the safer course. (4 Ency. Pl. & Pr. 49.) And in Spelling on Extraordinary Remedies it is said, citing cases in support thereof, that though a proceeding be void for want of authority or jurisdiction that is not a sufficient reason for refusing the writ to remove it. (Vol. 2 (2nd Ed.), Sec. 1896.) The district court admittedly has jurisdiction of appeals from municipal courts or police justices. But it is here contended that such jurisdiction is limited to cases wherein the fine assessed exceeds ten dollars or the imprisonment ten days, and it appears by the petition that a motion to dismiss the appeal on that ground was submitted and overruled. The defendant's contention in that respect is that such appellate jurisdiction is not so limited, but exists in all cases of conviction for a violation of a municipal ordinance; and the court evidently so construed the statute. Without deciding whether if the city's contention be correct the action of the district court would be absolutely null and void, within the rule said to prevail in some jurisdictions that the writ will not lie as to a void proceeding, we are inclined to the opinion, in view of the peculiar office of the writ to inquire into jurisdictional errors, that it may properly be employed in a case such as the one here presented, and in the situation above stated. It seems that the ends of justice would be better promoted thereby than by leaving the city to assume the hazard of attempting to enforce the police court judgment on the theory that the appeal was heard and determined without jurisdiction.

The writ of prohibition, like that of certiorari, is discretionary and not one of right, and we cannot regard it in this case as having afforded the petitioner a sufficiently adequate remedy. Although the papers on the appeal were filed in the district court on June 4, 1915, no action appears to have been taken thereon by that court until the motion to dismiss was heard and denied on June 30, 1915, and thereupon the case was set down for immediate trial, and was tried on

the same day. It is suggested in defendant's brief that treating the case as criminal the city might have presented to this court a bill of exceptions under Sections 6243, 6244 and 6245, Compiled Statutes, 1910. Section 6243 provides that the prosecuting attorney may present to this court a bill of exceptions taken by him in a criminal case in the district court, with an application to file the same and for a decision upon the points therein. Section 6244 provides that if this court shall be of the opinion that the questions presented shall be decided it shall allow the bill to be filed and render a decision thereon. And Section 6245 provides that the case in which the bill was taken shall not be reversed nor in any manner affected, but that the decision shall determine the law to govern in any case which may be pending at the time the decision is rendered, or which may afterwards arise in the state. But we think it clear that the provisions of those sections apply only to the trial of criminal cases wherein the accused is charged with an offense against the laws of the state. Indeed that seems to be made clear from a provision in Section 6243 to the effect that the trial judge shall appoint some competent attorney to argue the case in the Supreme Court against the prosecuting attorney, who shall receive for his services a fee to be fixed by the trial court and to be paid out of the county treasury. This not being a civil case, there seems to be no provision giving the city a right of appeal to this court. We think, therefore, that the writ might be issued to determine the question of the jurisdiction of the district court to entertain the appeal in which the order complained of was made.

The jurisdiction of the district court in the case at bar and similar cases depends upon the construction of two sections of the statute providing for appeals from police justices or municipal courts. The city's contention is based upon the provisions of Section 1753, Compiled Statutes, 1910, found in the general law for the government of cities of the first class, under which the City of Sheridan is organized. That section provides:

"In all cases before the police justice arising under ordinances of the city, wherein the fine assessed exceeds the sum of ten dollars or the imprisonment ten days, an appeal may be taken by the defendant to the district court in and for the county in which said city is situated, but no appeal shall be allowed unless such defendant shall, within ten days, enter into recognizance with sufficient sureties to be approved by the justice, conditioned for the payment of the fine and costs of appeal, and that defendant shall abide the judgment of the said court and not depart without leave of the same, or that he will pay to the said city of. . . . . . . . . . . the sum of, $. . . . . . . . . . The procedure of such appeal shall be as prescribed for appeals from courts of justices of the peace in criminal cases."

It was first enacted as a part of said general law in 1895, and then contained the above provision for appeals in cases wherein the fine exceeds ten dollars or the imprisonment ten days. The section was amended and re-enacted in 1907, but without any change in the provision allowing an appeal in the cases aforesaid.

The defendant relies upon Section 952, Compiled Statutes, 1910, found in a general law relating to municipal courts in cities and towns, enacted in 1905, and establishing a municipal court in a certain class of cities and towns, but by amendment of the first section (Sec. 949, Comp. Stat.) in 1909, in all cities and towns, for the trial of all offenses arising under ordinances, and providing that the judges of such courts shall be styled police justices. The appointment, term of office and compensation of such police justices was provided for, and in the section here relied on certain provisions as to procedure were made, as follows:

"The procedure of such municipal courts shall as nearly as possible conform to that provided by the general laws of the state in courts of the justice of the peace, but such incorporated city or town may by ordinance provide such additional rules of procedure as may be found necessary for the proper conduct of such municipal courts; Provided,

That the same do not conflict with the general laws of the state and appeals to the district court from the judgments and decisions of said police justices shall be allowed, in all cases, such appeals to be taken in the manner now provided by law for appeals from justices of the peace."

The changes made in the method of appeal by the 1907 amendment of the law governing cities of the first class are not here involved. The provisions of Section 1753 containing the amendment were followed in that respect, as we understand the petition, and it is not contended that there was any irregularity in the manner of taking or perfecting the appeal. The statutory provisions aforesaid allowing an appeal must be considered in connection with the constitutional provision that "appeals shall lie from the decisions of justices of the peace and police magistrates in such cases and pursuant to such regulations as may be prescribed by law." (Art. V, Sec. 23.)

No doubt if Section 1753 contained the only provision on the subject, no appeal would be allowed in cases wherein the fine assessed does not exceed ten dollars or the imprisonment ten days, but that would result not because the statute expressly so declares, but because it allows an appeal only in cases wherein the fine exceeds the sum or the imprisonment the period specified. But that section does not stand alone, nor is it, in our opinion, in conflict with Section 952, which allows an appeal in all cases. It differs only in failing to provide for all the cases provided for in the latter section. The provision of each section is affirmative. Each declares the right of appeal; the affirmative declaration in one covering certain specified cases, and in the other including all cases. We do not think it can reasonably be held that the re-enactment in 1907 of the provision found in Section 1753 operated as an implied repeal of the provision of Section 952 on the same subject. (Sutherland on Statutory Construction, Sec. 202.)

Our conclusion is that the district court had jurisdiction of the appeal, and the writ will therefore be denied.

BEARD, J., and SCOTT, J., concur.