## STATE EX REL. LOOMIS v. DAHLEM*
### (No. 1413; February 7, 1928; 263 Pac. 708)

SHERIFFS AND CONSTABLES—REMOVAL OF OFFICERS—CHARGE OF UN-
LAWFUL CONDUCT—COLLATERAL ATTACK—CERTIORARI—CONSTITU-
TIONAL LAW—QUO WARRANTO.

1. While Governor was without jurisdiction to hear charges
   filed against sheriff for general misconduct, for which
   courts, under Comp. St. 1920, §§ 1398-1407, could remove
   sheriff from office, Governor, under Laws 1921, c. 117,
   § 36, had jurisdiction to determine whether sheriff should
   be removed from office on charge of wrongful disposal of
   seized liquors, contrary to his duty to dispose of them
   under section 34, only on court order.

2. Charge that sheriff wrongfully disposed of liquor during
   his terms of office, contrary to his duty under Laws 1921,
   c. 117, § 34, was not indefinite, since it necessarily in-
   cluded the term which sheriff was filling at time proceed-
   ing was brought before Governor for his removal.

3. In proceeding under Laws 1921, c. 117, § 36, for removal of
   sheriff from office for violation of section 34, in wrong-
   fully disposing of liquor seized, Governor is sole judge
   whether cause is sufficient for sheriff's removal, and suf-
   ficiency of evidence at hearing cannot be reviewed in col-
   lateral attack of such proceeding.

4. Writ of certiorari may be used in proper case in Wyoming,
   notwithstanding Comp. St. 1920, § 6392, attempted to
   abolish it, since Const. art. 5, §§ 3, 10, adopted after
   enactment of section 6392, authorizes the writ.

5. In quo warranto to determine title to office of sheriff by one
   removed by Governor under Laws 1921, c. 117, § 36, court
   may inquire only into existence of jurisdictional facts as
   in any other collateral attack of a judgment.

*See Headnotes: (1) 35 Cyc. p. 1500 n. 44.   (2) 35 Cyc. p. 1503
n. 70.   (3) 11 C. J. p. 204 n. 70; 35 Cyc. p. 1503 n. 72.   (4, 5) 11 C.
J. p. 95 n. 23; 35 Cyc. p. 1506 n. 21 New.

Appeal from District Court, Park County; William A. Riner, Judge.

Quo warranto by the State, on the relation of William H. Loomis, against Henry Dahlem. From a judgment for respondent, relator appeals.

*Brome & Brome* and *Meyer Rankin,* for relator and appellant.

The case was decided below upon the theory that the Governor possessed power to remove appellant for an offense charged to have been committed during a prior term and the determination of the ultimate fact, where the evidence was in conflict, was the exclusive province of the Governor, and could not be reviewed or reversed by the Court; four days after the decision below, this Court decided in State v. Scott, 247 Pac. 699, that an officer could not be removed for an offense committed during a prior term; we believe that case applies with greatly increased force to the situation presented in the case at bar. The Governor acted under Sec. 36, Chap. 117, L. 1921; the object of that Act is to secure a present enforcement of the prohibitory law, State v. Ross, Governor, 31 Wyo. 500. Only three of the charges relate to acts committed during the present term of appellant, but even those charges do not come within the purview of the Act; moreover, the charges are indefinite and uncertain; there was no evidence tending to show the commission of any of the acts charged during the term appellant was serving, hence there was no authority for removal, Ekern v. McGovern, 142 N. W. 595; People v. McCartney, 53 N. Y. Supp. 1047. An appeal from an administrative tribunal does not confer upon the court authority to weigh conflicting evidence, In re Mason, 81 N. W. 570; the authorities are practically uniform to the effect that before the governor or an administrative board can remove an officer under a statute such as this, there must be a written com-

plaint setting forth an offense within the terms of the statute, and evidence to support it; both are absent from the present case. The judgment of the trial court should be reversed.

*Ernest J. Goppert* and *Paul R. Greever,* for respondent and appellee.

The case of State v. Scott, 247 Pac. 699, relied upon by appellant involved no charges indicating moral or mental incompetence, or unfitness for office, but were confined to specific acts of disregard for statutory proceedure in the allowance of claims against, and allowing contracts for, county work; the present case differs from the Scott case; a removal may be based upon acts of misconduct after reelection and before qualification for a new term, Breckenridge v. State, 11 S. W. 30; Graham v. Jewel, 263 S. W. 693; State v. Patton, 110 S. W. 636, or for immoral conduct during a previous term, State v. Watertown, 9 Wis. 254; Graham v. Jewel, supra; or for the retention of money collected during a previous term or misconduct in a former term continued or consummated in the succeeding term, State v. Lazurus, 1 So. 36; Woods v. Varnum, 24 Pac. 843; State v. Megaarden, 88 N. W. 412. In the present case there was a continuation of previous unlawful acts, in failing to enforce the prohibition act in connection with appellant's bribery by Fay Williford in 1924; other offenses of a continuous character are established by the evidence showing appellant unfit to hold the office of sheriff.

Before BLUME, Ch. J., KIMBALL, J., and BURGESS, District Judge.

BLUME, Chief Justice.

The relator, William H. Loomis, was duly elected as sheriff of Park County, Wyoming, at the election held in November, 1922. He duly qualified, and acted as such

until June 15, 1925, when possession of his office was taken by the respondent, Henry Dahlem.  Removal proceedings were commenced against him about April 20, 1925, by the county and prosecuting attorney of Park County, who on that date filed with the Governor of the State of Wyoming an amended complaint against the relator, charging him with various acts of misconduct.  April 27, 1925, was appointed by the Governor for a hearing upon the complaint so filed, to be held at Cody, Wyoming. At the time appointed, the hearing commenced and continued for three consecutive days.  At the conclusion thereof the Governor took the matter under advisement and on June 11, 1925, removed the relator from office. The Board of County Commissioners thereupon appointed the respondent in his stead.  After the latter had taken possession of the office, and on June 20, 1925, the present action, a proceeding in quo warranto, was brought against him by relator, the petition setting forth the proceedings heretofore mentioned, claiming that they were illegal, and that the respondent held the office of sheriff as aforesaid unlawfully, and asking that he be ousted therefrom, and that relator be put in possession thereof.  Judgment was rendered by the trial court on June 16, 1926, denying the relator any relief.  From that judgment the relator has appealed to this court.

1. Twelve different charges were filed against the relator, many of which related to general misconduct in office and which were evidently made under the misapprehension that the provisions of Chapter 99, Sections 1398 to 1407, Wyo. Comp. Stat. 1920, which relate to removal of county officers by the courts, applied in the case at bar. That, however, is not true.  The only authority granted to the governor of this state to remove county officers is given by Section 36, Ch. 117, Session Laws of 1921, reading in part as follows:

"The Governor shall have power after notice and hearing to remove from office any officer in this state who shall wilfully fail, neglect or refuse to perform any of the duties imposed upon him by this Act, or who shall be guilty of intoxication or drunkenness. Proceedings for the removal of any such officer may be commenced either by the governor on his own motion or on written complaint of any citizen of the state filed with the governor. Written notice of the time and place for the hearing of such charges, together with a statement or copy of the charges filed against him, shall be personally served upon such officer at least ten days before the date set for such hearing."

The duties imposed by that Act upon the sheriff are very limited, and the causes, accordingly, for which the Governor may remove him are also very limited. Without, however, pursuing this subject further, the allegations of one of the charges vested the Governor, we think, with jurisdiction to determine whether or not the relator should be removed from office. Section 34 of Chapter 117, supra, provides what shall be done by the sheriff with liquor which has been seized by him under the provisions of the Act, and makes it his duty to keep it in his possession and dispose of it only in accordance with the order which may be made by the court in reference thereto. Charge 10 made against the relator reads as follows:

"That at various times during his terms of office as sheriff of Park County, Wyoming, said William H. Loomis has seized and placed in the vaults of his office in the court house of Park County, Wyoming, quantities of intoxicating liquor, particularly a large quantity of whiskey belonging to Fay Williford and a large quantity of whiskey belonging to A. E. Carey. That since the seizure of said intoxicating liquor said William H. Loomis has at times and in a manner to complainant unknown, but without order of court, removed and disposed of a part of the liquor so seized."

These allegations plainly charged the relator with a violation of the provisions of Section 34, Chapter 117, supra. It is said that this charge is indefinite, which, in a measure, is true. It does not set out any definite dates, but it specifically charges whose liquor was disposed of and removed by the relator, and that this was done during the "terms" of office of the relator, which necessarily included the term of office which the relator was then filling, and the statement, accordingly, made in the brief that this charge related only to a previous term of office, for which, ordinarily, the relator could not have been removed in accordance with State vs. Scott, 35 Wyo. 198, 247 Pac. 699, is not correct. In fact, the evidence shows that the Fay Williford liquor was not seized until the month of January, 1925, and the unlawful disposal and removal of this liquor could not have taken place and did not take place, if it took place at all, except during the term of office which the relator was serving at the time of the filing of the complaint with the Governor. No motion to make the charge more specific seems to have been made, and in the absence thereof at least, it was, we think, sufficiently definite to apprize the relator of the claim made against him and to vest the Governor with jurisdiction to hear and determine it.

2. It is contended, however, that the evidence in the case was wholly insufficient to sustain the charge made against the relator for misconduct under the statute aforesaid occurring during the year 1925—that is, during the term of office which the relator was serving at the time of the filing of the charges and the hearing thereon. And the claim is made that the trial court had, and that this court has, the right to examine into the sufficiency of the evidence to determine whether or not the charge made against the relator is sustained thereby. The testimony taken before the Governor was introduced in evidence in the

instant case and was made a part of the record thereof. It is important, therefore, to consider whether or not the trial court had any such right in the present action. It is held in a number of cases that the sufficiency of the evidence introduced to show that grounds for removing an officer exist may be examined into in a proceeding in certiorari. State v. Common Council, 53 Minn. 238, 55 N. W. 118; 39 Am. St. Rep. 595; People v. Whitney, 143 App. Div. 17, 127 N. Y. Supp. 554; People v. Heins, 127 App. Div. 930, 112 N. Y. Supp. 139; State v. Eberhardt, 116 Minn. 313, 133 N. W. 857, 39 L. R. A. N. S. 788, Ann. Cas. 1913B, 785; Hall v. Bledsoe, 126 Ark. 125, 189 S. W. 1041. Other cases hold that the sufficiency of evidence may not be reviewed in such proceeding. State ex rel v. Frazier, 47 N. D. 314, 182 N. W. 545. The opposing views are stated in 11 C. J. 204, and 5 R. C. L. 263-264. The writ of certiorari may be used in the proper case in this state, notwithstanding the fact that section 6392, Wyo. Comp. Stat. 1920 attempts to abolish it. Sheridan v. Cadle, 24 Wyo. 298, 157 Pac. 892; Art. V., Sections 3 and 10, of the Constitution. The statute above mentioned was passed prior to the adoption of the Constitution in this state, and the framers of the Constitution evidently deemed it wise that the right to issue the writ should exist. It may be, without deciding the point, that the sounder and juster view is to hold that the evidence taken before the Governor or other officer attempting to remove an official should be reviewable on certiorari, a direct proceeding, in accordance with the view of some of the courts as above stated. But the proceeding in the case at bar is not direct. The present case is one in quo warranto, in which the relator attacks the validity of another proceeding duly authorized by statute. The attack upon the proceeding before the Governor is necessarily a collateral, and not a direct, attack. Hence only jurisdictional questions can be raised herein, as is true of all cases where a judgment of a proper court

or tribunal is attacked collaterally. This point was specifically decided in the case of People v. Shawver, a quo warranto proceeding, 30 Wyo. 366, 222 Pac. 11, where this court said:

"And we agree with the respondent's contention that judicial cognizance of the governor's action does not reach beyond the jurisdictional inquiry, but that the court may go that far where the removal is authorized only for causes specified in the constitution or statutes is, we think, well settled. At least that is the prevailing rule, and we think more reasonable than a rule denying the right of judicial inquiry or review in such cases. That is to say, the court may inquire into the existence of the jurisdictional facts, among which are 'whether the charges upon which the removing power acted were legal causes for removal or whether the cause was sufficiently specified.' "

The court in that case had no occasion to inquire as to whether the sufficiency of the evidence was one of the jurisdictional facts. We think it clearly was not. In the case of State ex rel. v. Hawkins, 44 Oh. St. 98, 5 N. E. 228, a quo warranto proceeding, as the case at bar, the court said:

"The only question that this court can consider is, whether charges involving official misconduct were preferred, of which the parties had notice, and that he acted upon these charges, and removed the respondents, for the reasons stated in the charges. The law as to this question is, as we think, accurately stated by Johnson, Chief Justice, in State v. McGarry, supra (21 Wis. 496); 'The cause must be one which touches the qualifications of the officer for the office, and shows that he is not a fit or proper person to perform the duties, and when such a cause is *assigned,* the power to determine whether it exists or not is vested exclusively in the Board, and its decision upon the facts cannot be reviewed by the courts. The only question of judicial cognizance is as to whether the Board

has kept within its jurisdiction, or whether the cause *assigned* is a cause for removal under the statute.' ''

In the case of State ex rel. v. Hay, 45 Nebr. 321, 63 N. W. 821, also a quo warranto proceeding, the court said:

"The limit of judicial interference in all such cases is that indicated in State v. Smith, (35 Nebr. 13, 52 N. W. 200) viz: to protect the officer in his right to a hearing of specific charges; or in other words, to require the officer or body claiming the right of removal to keep within his or its jurisdiction."

In Harrington v. Smith, 114 Kans. 262, 217 Pac. 270, also a quo warranto proceeding, where, as in this case, the governor had removed an officer for misconduct, the court said:

"The statute empowering the Governor to remove the election commissioner for official misconduct makes him the exclusive judge of whether such a breach had occurred. He is made a non-judicial tribunal for the ascertainment of the facts. His decision on the subject is not subject to review in the courts; however erroneous it may be, it is final and controlling if made in good faith—it can be successfully attacked only for fraud or its equivalent. This principle is too familiar to require the citation of authorities. * * * There is no occasion to review the evidence, since it is quite immaterial what conclusions the court would arrive at from its consideration."

The syllabus in the case of In the Matter of the Application of Charles Guden, 171 N. Y. 529, 64 N. E. 451, in which there was an indirect attack upon the action of the Governor removing an officer, is as follows:

"The power vested in the governor by Section 1 of Article 10 of the Constitution of removing the officers therein designated upon charges and after a hearing, is executive, not judicial, and the exercise of such power is not reviewable by the courts."

In the case of Cameron v. Parker, 2 Okl. 277, 38 Pac. 14, an action in mandamus and therefore a collateral attack upon the order removing an officer, the syllabus relating to that point is as follows:

"So long as the Governor's action in removing an officer is within the limits of the power conferred upon him by statute, the courts cannot interfere to arrest his action or review the proceedings before him. He is the exclusive judge, so far as the courts are concerned, of the sufficiency of the proved charges, and his findings are not reviewable by any court."

In the case of State v. Johnson, 30 Fla. 433, 477, 11 So. 845, 850, (18 L. R. A. 410), also a mandamus proceeding, the court said:

"If the removal is for a cause, designated by or falling within the grant, the grantee or depositary of the removing power is the sole judge of the sufficiency of the evidence to justify the removal."

For other cases see note to 39 L. R. A. N. S. 788.

The language used in some of these cases might imply that the sufficiency of the evidence could not be reviewed even in a proceeding on certiorari—a direct proceeding. We do not go that far, but simply hold that that rule applies in a proceeding in which the order of removal of an officer is sought to be attacked collaterally, as in the case at bar. And there can be no doubt of the soundness of the rule as applicable to such cases. In Black on Judgments, 268, it is said:

"When a judgment is rendered in a cause by a court whose jurisdiction over the subject matter and the person of the defendant is not questioned, it cannot be attacked in any collateral proceeding by a showing that the evidence on which it was based was illegal, improperly received, or insufficient to sustain the judgment. This very

clear and sensible rule rests upon several principles. In the first place, an objection of that sort does not go to the jurisdiction, and consequently the judgment cannot be void, although it may be erroneous. Again, the legality and sufficiency of the evidence is a question for the court to determine, and its decision should be accepted as final and conclusive unless in an appellate court.''

And in Van Fleet on Collateral Attack, Section 60, it is said:

''Jurisdiction always depends upon the allegations and never upon the facts. When a party appears before a judicial tribunal, and alleges that a certain right is denied him, and the law has given the tribunal the power to enforce that right—his adversary being notified—it must proceed to determine the truth and veracity of his allegations. The truth of the allegations does not constitute jurisdiction. The tribunal must have jurisdiction before it can take any adverse step. Its jurisdiction necessarily is to be determined from the allegations, assuming them to be true.''

It may be that in a case like that at bar, the evidence may be examined in so far as to determine whether the Governor had in fact jurisdiction—that the charges and the evidence, for instance, actually related to misconduct during the term of office which the officer was serving at the time of the hearing rather than to misconduct in a previous term, but that question does not arise in this case, for the reason that it is clear that the charge relating to the unlawful disposal and removal of the Fay Williford whiskey, if true, and the evidence in connection therewith, clearly related to the term of office which the relator was serving at the time of the hearing before the Governor.

It follows from what we have said that the trial court in the instant case had no right to examine the evidence to determine its sufficiency as to the charges made against

the relator, and that we have no such right to do so. The judgment of the trial court must accordingly be affirmed, and it is so ordered.

*Affirmed.*

KIMBALL, J., and BURGESS, District Judge, concur.