In the Matter of the Appeal of the Town of Afton, a Municipal Corporation, from an Order of the Public Service Commission of the State of Wyoming, dated July 8, 1950.

CHARLES S. CALL and ROBERT W. HASTINGS et al.

*Complainants*

vs.

TOWN OF AFTON,

*Defendant.*

(No. 2675; December 28th, 1954; 278 Pac. (2d) 270)

For the complainants the cause was submitted on the brief and also oral argument of Teno Roncalio of Cheyenne, Wyoming.

For the defendant the cause was submitted on the brief and also oral argument of George F. Guy and Ellen Crowley both of Cheyenne, Wyoming.

## OPINION

BLUME, Chief Justice.

We have before us a petition for a writ of certiorari filed in this court on August 26, 1954. The petition alleges the following facts.

The petitioners are Charles S. Call and Robert W. Hastings whose property is located outside the limits of Afton. On December 5, 1949, they presented a petition to the Public Service Commission of this state alleging that the town of Afton refused to provide them with water service for domestic use, the town thereby discriminating against them. The town of Afton answered in that proceeding and admitted that

it was a municipality and owned a water system and that it supplied some sixty parties living outside the territorial limits of Afton with water, but only under a special permit. On July 8, 1950, a hearing was had before the Public Service Commission which found that the town had enough water to supply four times the number of people living in the town; that the town had supplied some sixty people living outside the town of Afton with water; that it was not authorized to discriminate against any person and that such discrimination against Call and others was unlawful. An appeal was taken by the town from the decision of the Public Service Commission. The district court of Laramie county found in its judgment of May 17, 1951, that the order of the commission was contrary to law and not supported by sufficient evidence. Petitioners thereupon undertook to take an appeal from such judgment of the district court to this court. While the appeal to this court was being taken, and on August 8, 1951, the town council of Afton had a meeting, with the petitioners present, and the members of the council then agreed orally that if the petitioners "would withdraw their notice of appeal and stop the litigation and expense, the said town council would arrange to provide for the annexation" of the property of the petitioners to the town and "thus provide them with water service the same as other citizens of the town." In reliance on this promise, the petitioners stopped their appeal which was being taken from the district court's judgment to this court, so that the appeal was never perfected and was never filed in this court. Proceedings for annexation as aforesaid were undertaken by the town council of Afton, but were not perfected owing to objections filed thereto by inhabitants of Afton and the town council of Afton still refuses to make such annexation.

Thereafter, on November 19, 1953, the petitioners filed another application with the Public Service Commission for the relief originally asked, setting up new matters. But that Commission, on March 18, 1954, held the judgment of the district court of Laramie county was res judicata and so refused any relief.

The prayer of the petitioners herein is as follows:

"'WHEREFORE, Applicants pray that this Honorable Supreme Court issue an Order directed to the proper Officer of the District Court of the First Judicial District of the State of Wyoming in and for Laramie County, certifying for review to the Supreme Court of Wyoming the Record on Appeal in the case of 'In the Matter of the Appeal of the Town of Afton, A Municipal Corporation, From an Order of the Public Service Commission of the State of Wyoming dated July 8, 1950. In the District Court of the First Judicial District as Docket 36 No. 120.', and the Applicants be permitted 60 days following the filing of said record in the Supreme Court to perfect an abstract of said record and file their brief in this Court."

The town of Afton, making a voluntary appearance herein, filed a motion to dismiss the petition on the ground that this court has no jurisdiction and also filed an answer, with affidavits attached, modifying or contradicting the allegations of the petition and the affidavits attached thereto. It is not necessary herein to resolve conflicting facts herein as shown by the various affidavits and for the purpose of this case, we may regard the facts alleged in the petition as true. The case was argued orally. The parties were given time to file additional briefs. These briefs have now been filed and the case is now ready for final disposition.

It is said in 4 C.J.S. 1609, § 1133: "The office of a certiorari is to require the clerk of the court from which an appeal is taken to send up the record in the case appealed, or, in case the record already sent up is defective, to send up a more complete record, in order that the proceedings in the trial court may be reviewed." In 14 C.J.S. 124, § 3, it is said: "At common law the writ of certiorari is used for two purposes: (1) As an appellate proceeding for the reexamination of some action of an inferior tribunal. (2) As an auxiliary process to enable the court to obtain further information with respect to some matter already before it for adjudication." It is somewhat difficult to determine how counsel for the petitioners regards his petition — whether auxiliary to the appeal heretofore begun to be taken, or as a direct appellate proceeding. The prayer of the petition herein is not sufficiently definite on the point. Petitioners apparently want us to review the judgment of the trial court as on an appeal therefrom. The petition herein, however, can hardly be called auxiliary since there is nothing yet before the court to which it can be so. And there is no precedent for so regarding it. So the petition herein must be considered as an appellate proceeding, distinct from the appellate proceedings prescribed by our statutes. We have two statutory methods of reviewing judgments of the district court, one by proceeding in error and one by direct appeal. Counsel for petitioners asks us to disregard them despite the ordinary rule that the writ of certiorari will not ordinarily issue in those cases in which there is a plain, speedy and adequate remedy by appeal. 14 C.J.S. 185, 10 Am. Jur. 531, § 7.

Wyoming Compiled Statutes, 1945, § 3-5323, provides that the writ of certiorari is abolished. However Article 5, section 3 of our constitution states that this

court has the right to issue such writ. Perhaps neither the constitution nor the statutes should be entirely disregarded. Effect perhaps may be given to each by keeping the provisions of the constitution within its proper limits. We held in effect in City of Sheridan v. Cadle, 24 Wyo. 293, 157 P. 892, that a writ of certiorari might issue in some cases in which an inferior tribunal has no jurisdiction or acts in excess of jurisdiction. See also State v. Dahlem, 37 Wyo.498, 263 P. 708. And such writ would seem ordinarily not to be improper in cases in which no appeal has been provided from proceedings before a judicial as quasi judicial tribunal, at least in cases in which such tribunal had no jurisdiction or acted in excess of jurisdiction. 10 Am. Jur. 527, § 5, see annotation in 174 A.L.R. 194. Whether or not we should go beyond cases of that kind in face of the statute above mentioned is another question.

Bailey on Jurisdiction, volume 2, page 562, speaking of certiorari states that great care must be taken to distinguish those cases where the writ brings up the records or proceedings of courts, and where it issues to some body or inferior tribunal exercising judicial power, and that in most jurisdictions when the common law writ issues and is directed to *a court*, it only brings up for review jurisdictional questions.

The effect of a constitutional provision like ours was discussed to some extent in City of Sheridan v. Cadle, supra, but not decided. The opinion refers to decisions of the Supreme Court of Oklahoma under a constitutional provision like ours. Wisconsin, too, appears to have a constitutional provision like ours, and the court held in Wardsworth v. Sibley, 38 Wis. 484, 486, that: "The constitution refers to the writ as it was used and applied in practice when the constitution was adopted, and did not intend to give it a scope or object different

from its original and appropriate function. * * * But we think it would be contrary to all practice and all precedent to make it a substitute for a writ of error or appeal, to bring up for review the final judgments of courts of record proceeding according to the course of the common law." The court also stated: "The general rule as laid down in the books is, that a common law certiorari will not issue where a party has another adequate remedy; and it is certainly a novel application of such a writ to make it perform the office of a writ of error to bring up for review a final judgment of a court of record." It seems that the state of Massachusetts has a statute similar to our constitutional provision above mentioned. Inhabitants of Mendon v. County Commissioners of Worcester 2, Allen 463. In Cooke v. Petitioners, 15 Pick. 234, 237, the court discussed the common law rules relating to certiorari. The court stated in part: "The question is, what is the legal and proper remedy or process, for the purpose of correcting any error in the proceedings, after final judgment rendered, or the final decision of the cause; and it seems to be well settled, by the English authorities, that after final judgment in a court of record, proceeding according to the course of the common law, the only remedy is by writ of error. But where the court below is not a court of record, or does not proceed according to the course of the common law, no writ of error will lie, and the proper remedy is by certiorari." Applying these rules in the case at bar, we find that the district court is a court of record. Is it a court which, in the case at bar, proceeded according to the course of the common law? 2 Bailey on Jurisdiction, § 432, discusses the question. The district court is a court of plenary jurisdiction. It was given the right to hear an appeal from an order of the Public Service Commission. Wyoming Compiled Statutes, 1945, § 64-319. Such an appeal was, perhaps, not known at common law, public

service commissions perhaps not then existing. But in view of the plenary jurisdiction of such courts, with common law power to hold inferior tribunals within the scope of their powers (See section 10, article 5 of our constitution), it would seem that the proceeding before it in this case should be regarded as a proceeding in the course of the common law. See further on this subject decisions from Missouri and Michigan (which seem to have a similar constitutional provision as ours) cited in Baker v. Newton, 22 Okla. 658, 98 P. 931. That case holds that the office of the writ of certiorari at common law is to bring up the record from an inferior court for investigation as to jurisdictional errors only.

The scope of the writ of certiorari, however, varies considerably in the various jurisdictions in this country. The United States Supreme Court, for instance, may thereby review any final judgment of the Circuit Court of Appeals or of the highest court of a state. 10 Am. Jur. 529. In many of the states two things are requisite in order that such writ may issue: (1) Want or excess of jurisdiction of the lower tribunal, and (2) absence of the right of appeal or other adequate remedy. That is said to be the rule in Arizona, California, Idaho, Montana, Nevada, North Dakota, Oklahoma, Philippine Islands, South Dakota and seemingly Wisconsin and Missouri. See 11 C.J. 103. That is said to be the rule also in Maine. 14 C.J.S. 183. See also Womble v. Moncure Mill and Gin Co., 194 N.C. 577, 140 S.E. 230; Flynn v. Board of Registration in Optometry, 320 Mass. 29, 67 N.E.2d 846, 166 A.L.R. 571. On the other hand in some states, as in Louisiana, New Jersey, Oregon and Tennessee, it appears to be held that the writ will issue where there is a want or excess of jurisdiction, even though an appeal or other remedy exists. 14 C.J.S. 183, 185, 186. Counsel for the petition-

ers herein has sought to bring this case within the rule of the latter states (apparently approved in City of Sheridan v. Cadle, supra) by asserting that the district court acted in excess of jurisdiction when it reversed the order of the Public Service Commission. The district court, on appeal to that court, held that the order of the Public Service Commission was contrary to law. Wyoming Compiled Statutes, 1945, § 64-318, expressly gives the district court the power to so decree, so that this contention of counsel cannot be sustained. No question of jurisdiction or excess of jurisdiction is involved in this case.

In Herald-Republican Pub. Co. v. Lewis, 42 Utah 188, 129 P. 624, 633, the court stated that it had been the policy of the court to a greater or less extent to enlarge rather than to restrict the functions of the writ of certiorari, as is true in other states. In Rapid Ry. Co. v. Michigan Public Utilities Commission, 225 Mich. 425, 196 N.W. 518, 519 (See 14 C.J.S. 181, 182), it is stated that while such writs are usually not allowed when there is another adequate remedy, yet "An exception has frequently been made and determination had under such writs when necessary to prevent a failure of justice." To carry that rule to its logical conclusion would seem to mean that every time we should dismiss an appeal because of non-compliance with the statutory rules relating to petition in error or direct appeal, or because of non-compliance with the rules of this court, we might nevertheless, in our discretion, issue a writ of certiorari in the same case, since injustice in the broad sense might result in such cases by the dismissal. That would, of course, upset and to a large extent nullify our statutory provisions on appeal and the decisions of this court relating thereto. Hence, if the last mentioned rule in the Michigan case is sound, it should in any event be applied with caution. In 14 C.J.S. 189, it is

said: "It seems to be the general rule that in a proper case a party entitled to appeal or to pursue some other remedy, who has lost the right through inadvertence, accident, or mistake, may have a remedy by certiorari, provided there is a showing of probable merits and freedom from fault." See also 10 Am. Jur. 531, 532, § 7.

We thus find, on the question before us, holdings of many variegated hues. We have no reason to doubt that the writ of certiorari subserves a good purpose in many cases, particularly when an appeal is in fact not plain, speedy and adequate. But we shall not attempt to determine the full scope thereof and its limitations in this case, but shall content ourselves herein with considering it under the so-called rule last stated and the rule that ordinarily a writ of certiorari is not granted if there is another plain, speedy and adequate remedy, and in the light of the fact that no question of jurisdiction or excess thereof is involved herein.

If we had before us a case merely involving a reinstatement of an appeal fully perfected, but dismissed by reason of fraudulent representation, then — without deciding the point—we might reinstate the appeal. See 4 C.J.S. § 391, et seq. But that is not the case before us. The appeal was never perfected. Our statutes and our rules make specific provisions as to when and how an appeal from the district court should reach this court. There was no compliance with these provisions. We are now asked to ignore these statutes and rules and, in effect, regard the appeal as duly taken and filed in this court although more than three years have elapsed since the judgment of the district court here involved was rendered. That that should not be lightly done is too clear for argument. It is not our province to create, in effect on our own motion, a third method of appeal in addition to the two statutory meth-

ods which we now have nor allow the writ of certiorari except when the constitution requires it. We do not think it is required in this case. Our statutory provisions for review were, in the case at bar, plain, speedy and adequate. And, as stated, no question of jurisdiction is involved. Counsel for petitioners contends that we should issue the writ in this case in order that justice may be done and injustice may be repelled. He says that his clients are without fault; that they stopped the appeal begun by them by reason of oral representations made by officials of Afton; that these oral promises were not kept, and this constitutes fraud, the benefit of which the town should be unable to reap. But the books are—and will continue to be—full of broken oral promises as counsel well knows and as petitioners well know or should have known. Nor are we satisfied that breaking these oral promises should be designated as fraud. The promises may have been made in good faith. Fraud cannot, ordinarily, be predicated on statements which are promissory in their nature or constitute expressions of intention. 37 C.J.S. 231. Granted that oral promises of the officials of Afton influenced the petitioners in stopping their proceedings on appeal from the district court, yet to say they alone are to blame and that petitioners are wholly exonerated from any fault, is simply not in accordance with human experience in business affairs. The simple unadorned fact is that the predicament in which petitioners find themselves was caused, at least partially, by their own fault. Precaution would have suggested not to stop the proceedings on appeal until they were assured that the promises made were fulfilled. They did not even see to it that the promises were made a matter of record. They relied upon the oral promises made to them at their own risk.

We do not pass upon the question as to whether or

not petitioners have an action for damages, or an action for specific performance. Nor do we pass upon the extent, if any, of the judgment of the district court as res judicata, particularly if the parties should be different. These questions are not before us.

Counsel for petitioners says that the municipality of Afton acted beyond its jurisdiction by giving oral representations which induced the petitioners to stop their appeal to this court. We do not see how that helps petitioners in this proceeding. We are, of course, at a total loss to understand and are unable to fathom the reason why a municipality with superabundant water, as the town of Afton appears to have, should refuse water service to the petitioners, particularly when they are willing to have their property incorporated in the town so as to help build it up and to support it. But that matter is not before us.

The writ for certiorari is denied.

*Denied.*

RINER, *J.* AND HARNSBERGER, J., concur.