**PRENTICE CLARK HOUSE, an employee of Merit Services, Appellant (Employee-Claimant),**

v.

**The STATE of Wyoming, ex rel. WORKER'S COMPENSATION DIVISION, Appellee (Objector-Defendant).**

No. 84–275.

Supreme Court of Wyoming.

July 10, 1985.

Rehearing Denied Aug. 26, 1985.

R. Douglas Dumbrill, Hughes & Dumbrill, Sundance, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., and Terry J. Harris, Asst. Atty. Gen., for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

Appellant appeals from an order of the district court denying appellant's application for additional benefits under the Wyoming Worker's Compensation Act, § 27-12-101 et seq., W.S.1977. The application alleged "increased incapacity due solely to the injury," and that the court's order of May 17, 1982 modifying an award of permanent total disability "was based on mistakes of fact and mistakes of law."

We affirm.

Appellant was awarded a permanent total disability on July 7, 1979, without a hearing, for injuries suffered in an accident on October 10, 1977. Pursuant to a hearing on August 27, 1981, an order of the court dated May 17, 1982 modified the July 7, 1979 order such that no further disability sums be paid to appellant inasmuch as he no longer suffered incapacity resulting from the October 10, 1977 accident. An application for additional benefits was filed December 22, 1983. It resulted in the or-

der of September 28, 1984, from which this appeal is taken.

Appellant words the issues on appeal: "1. Did Judge O'Brien exceed his jurisdiction in taking away Prentice House's Worker's Compensation benefits [in the May 17, 1982 order], thereby committing a mistake which justifies reopening of the case? "2. Has Prentice House, as a matter of law, experienced a change in condition which justifies reopening? "3. Should the Supreme Court exercise the power of the writ of certiorari to correct the abuses of this case?"

In arguing the first and third of these issues, appellant generally contends that errors of law occurred in connection with the August 27, 1981 hearing and resulting order of May 17, 1982. Not only does the notice of appeal reflect the appeal to be from the September 28, 1984 order, but the final nature of the May 17, 1982 order can be attacked only by normal appellate procedure or as otherwise authorized by statute. Appellant attempted to appeal the May 17, 1982 order, but failed to perfect it properly, and the appeal was dismissed. That appeal cannot be reinstated at this time to examine issues of law which may have been, and should have been, presented at that time.

As pointed out by the district court, the finality of awards made under the Worker's Compensation Act[1] is relaxed only to the extent provided by § 27–12–606, W.S. 1977:

"Where an award of compensation has been made in favor of or on behalf of an employee for any benefits under this act [§§ 27–12–101 through 27–12–804], an application may be made to the clerk of district court by any party within four (4) years from the date of the last award, or at any time during which monthly pay-

ments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud."

Under this statute, appellant must meet the burden of establishing (1) a mistake in determination *of a material fact,* (2) fraud[2], or (3) increase in incapacity due solely to the injury. *Conn v. Ed Wederski Construction Company,* Wyo., 668 P.2d 649, 652 (1983).

■ Appellant's argument on the first issue presented on appeal does not pertain to an issue of fact but pertains to an alleged mistake of law which properly should have been presented to us in a direct appeal from the May 17, 1982 order and not pursuant to § 27–12–606, W.S.1977. To hold otherwise would negate our rules relative to timely appeal and allow all worker's compensation appeals for legal error to be made within a four-year period—by either party, and for a decrease as well as an increase of the award. Uncertainty as to the status of an award for such a prolonged period would disrupt the administration of worker's compensation.

■ Appellant's third issue on appeal, a request for review through certiorari, is directed at alleged errors in the proceedings which resulted in the May 17, 1982 order. Such proceedings were subject to direct appeal. Certiorari is not available to review matters on which there is a plain, speedy and adequate remedy by direct appeal. *Call v. Town of Afton,* 73 Wyo. 271, 278 P.2d 270, 273 (1954); *City of Sheridan v. Cadle,* 24 Wyo. 293, 157 P. 892, 895 (1916).

---

1. Section 27–12–607, W.S.1977, provides in part: "Every award within the meaning of this act [§§ 27–12–101 through 27–12–804] is a judicial determination of the rights of the employer, the employee and the disposition of money within the various accounts provided under this act *as to all matters involved.* * * *"* (Emphasis added.)

2. Appellant does not contend for the existence of fraud. Fraud is subject to inquiry by a party or by the court itself other than by virtue of § 27–12–606. See Restatement of Judgments (Second) § 70 (1982).

 In wording his second issue on appeal, appellant contends that the court erred in not finding a change in appellant's condition "as a matter of law." Actually, the court's findings in this respect were findings of fact. The court's conclusion that appellant "failed to show any increase in incapacity since the August 27, 1981 hearing, much less that any such claimed increase in incapacity is due solely to the October 10, 1977 accident/injury," was based upon the finding of fact that appellant "is not presently disabled as a result of the October 10, 1977 accident," and that his "present condition has not materially changed from his condition which apparently existed at the time of the August 27, 1981 hearing." Appellant contends that such findings were mistaken and that the mistake warranted modification of the award pursuant to § 27–12–606, W.S.1977.

In ascertaining whether or not the court did make a mistake, i.e. whether or not there was sufficient evidence to support the findings of fact, we

" '* * * assume that evidence in favor of the successful party is true, disregarding entirely the evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. * * *' " *Anderson v. Bauer*, Wyo., 681 P.2d 1316, 1319 (1984), quoting from *Richardson v. Green*, Wyo., 644 P.2d 778, 779 (1982).

" * * * Fact questions must be decided by the trier of fact, [citations]. We will not substitute our judgment for that of the trier of fact, findings of fact will be presumed to be correct and we will set them aside on appeal only where such findings are 'clearly erroneous or contrary to the great weight of evidence.' [Citations.] * * *" *Yost v. Harpel Oil Company*, Wyo., 674 P.2d 712, 716 (1983).

Medical testimony was received from four witnesses. The court found:

"That all of the doctors testified to an inability to attribute the onset of the schizophrenic condition to any specific event in Claimant's life."

Dr. William R. Patterson, a psychiatrist, diagnosed appellant as a chronic paranoid schizophrenic, and that the condition "had been going on at least for several years," and probably pre-existed the accident. Dr. Stephen H. Martin testified that, in his opinion, the present physical complaints (pain or swelling) were due to simple disuse by appellant. Dr. William G. Walter-Ryan testified that if appellant's condition had changed at all since the May 17, 1982 order, it had improved. Not only did appellant fail to carry the burden of establishing a mistake of fact, but there was sufficient evidence to support findings contrary to that which appellant had to establish in order to prevail. The evidence was sufficient to support the findings of fact made by the trial court, and the only legal conclusion relative to increase or decrease in incapacity, if any, and the cause therefor was that made by the court.

Affirmed.