In the Matter of INJURY TO
Thomas B. LEA.

Thomas B. LEA, Appellant (Employee),

v.

D & S CASING SERVICE, INC.,
Appellee (Employer).

No. 84–171.

Supreme Court of Wyoming.

Oct. 23, 1985.

Willis Geer, Gillette, for appellant.

Paul J. Drew, Gillette, for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

BROWN, Justice.

Appellant Lea seeks review of the district court's refusal to award him further worker's compensation benefits. Appellant and his employer, appellee D & S Casing Service, Inc., entered into a stipulation settling the amount of worker's compensation benefits the employer would pay for appellant's injury. When appellant's award ran out, he petitioned the district court to reopen his case, seeking additional benefits under § 27–12–606, W.S.1977 (June 1983 Replacement). The district court denied appellant's petition and appellant seeks review of that decision stating the issue thusly:

"Appellant believes that the primary issue in this appeal is whether an injured employee should be prevented from reopening his worker's compensation file for payment of additional necessary

medical benefits solely for the reason that he previously had entered into a stipulation with his employer limiting the amount of medical benefits to be paid and stipulating that the employee would not seek further benefits as a result of his injury."

Appellee states the issues as follows: "I. Is the remedy of reopening his worker's compensation case for additional benefits a remedy that is available to the appellant employee?

"II. Is the appellant employee bound by the order of award entered by the district court pursuant to stipulation of the parties."

We will affirm.

The facts show that appellant was injured on January 24, 1981, while in the employ of appellee D & S Casing Service, Inc., resulting in the loss of appellant's left thumb. A pollicization was performed on appellant to move his index finger in place of the thumb.

Appellee/employer objected in part to appellant's application for worker's compensation award. Both parties subsequently entered into a "Stipulation for Permanent Disability Benefits" and the court specifically approved the agreement and ordered:

"1. The employee shall receive an award for permanent partial disability for the loss of a thumb in an amount equal to two-thirds (⅔) of the State's average weekly wage for the twelve (12) months preceding the quarter in which the injury occurred multiplied by forty-four (44) weeks.

"2. No further temporary total disability benefits shall be paid in this matter.

"3. The employee shall hereinafter be entitled to actual medical and travel expenses not to exceed $2,000.00.

"4. The claim for medical treatment in the amount of $4,892.70, heretofore objected to by the employer, is hereby approved and shall be paid."

When such amounts were apparently depleted, appellant continued to submit claims in excess of the stipulated $2,000 amount. After a hearing on the matter, the district court entered its "Final Order of Award" on November 17, 1982, finding:

"1. The Stipulation and Order for permanent disability benefits entered herein on July 28, 1981 limited the employee's medical benefits thereafter to Two Thousand and no/100 ($2,000.00) Dollars.

"2. After July 28, 1981 claims for medical benefits were submitted in this case in excess of Two Thousand and no/100 ($2,000.00) Dollars.

"3. The employee has remaining unpaid pursuant to the above mentioned stipulation three (3) monthly payments for permanent partial disability which payments should all be released to him.

"4. The employee's attorney fees for representation in this matter including the hearing upon which this order is based should be paid, but no attorney fees shall be allowed to the employee for an attorney's services in an attempt to settle or compromise any medical claim remaining unpaid in this matter.

"IT IS THEREFORE ORDERED as follows:

"1. The sum of Two Thousand and no/100 ($2,000.00) Dollars shall be paid for medical expenses by a check in that amount made payable to Rose Medical Center and Thomas Lea.

"2. The employee shall be paid the remaining three (3) months' payments of the award of permanent partial disability theretofore awarded.

"3. Attorney fees for the employee's attorney Thomas Padget shall be paid subject to approval of this court for services rendered through the date of the hearing of this matter, but no attorney fees shall be payable with respect to any services rendered in attempting to settle or compromise any outstanding medical claims remaining unpaid in this matter."

Appellant did not appeal this "Final Order of Award," but filed a petition to reopen the case several months later on May 2, 1984. This petition was denied, resulting in the present appeal.

Appellant claims he should be entitled to reopen his case contending the stipulation and order he entered into with appellee stipulating to damages was contrary to Art. 10, § 4 of the Wyoming Constitution[1] as well as § 27-1-105, W.S.1977 (June 1983 Replacement)[2] and § 27-12-103(b), W.S.1977 (June 1983 Replacement).[3] Suffice it to say, it is clear from the express language of such provisions that they are not applicable to the stipulation and order in this case. This was not an agreement "waiving any right to recover damages for causing the death or injury of any employee" prohibited by Art. 10, § 4 of the Wyoming Constitution, nor was it an agreement which was required by appellant's employer as a condition of employment releasing the employer from liability for personal injuries caused by the employer's negligence prohibited by § 27-1-105.

As further authority for appellant's proposition that the stipulation and order was void, he cites *Horvath v. Sheridan-Wyoming Coal Company*, 58 Wyo. 211, 131 P.2d 315 (1942). In that case, the injured employee and the employer entered into an oral agreement whereby the employee agreed to " 'forego and abandon his right to Workmen's Compensation allowances arising from the injuries received by him while employed by the Company,' " in exchange for the employer's promise to provide the employee with light work the rest of his life. Id., 131 P.2d at 316. This court held the contract invalid in view of the constitutional and statutory provisions of the worker's compensation law prohibiting contracts which relieve an employer from any liability created by the act.

We find the facts and circumstances in this case readily distinguishable from the Harvath case. In the present case, the stipulation and order did not operate to relieve the employer from liability under the act; rather, the employer accepted liability for appellant's worker's compensation claims and the parties agreed to an amount thereby settling a dispute pending before the court.

One authority has stated:

"The general rule * * * is that, in the absence of any provision to the contrary, claims for compensation for injuries, payable under workmen's compensation statutes, may be compromised and settled as in other cases. * * * " 82 Am.Jur.2d, Workmen's Compensation § 459, pp. 223-224 (1976).

---

1. Article 10, § 4 of the Wyoming Constitution reads:

"No law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person. Any contract or agreement with any employee waiving any right to recover damages for causing the death or injury of any employee shall be void. As to all extra hazardous employments the legislature shall provide by law for the accumulation and maintenance of a fund or funds out of which shall be paid compensation as may be fixed by law according to proper classifications to each person injured in such employment or to the dependent families of such as die as the result of such injuries, except in case of injuries due solely to the culpable negligence of the injured employee. Such fund or funds shall be accumulated, paid into the state treasury and maintained in such manner as may be provided by law. The right of each employee to compensation from such fund shall be in lieu of and, shall take the place of any and all rights of action against any employer contributing as required by law to such fund in favor of any person or persons by reason of any such injuries or death."

2. Section 27-1-105, W.S.1977 (June 1983 Replacement), reads:

"It shall be unlawful for any person, company or corporation to require of its servants or employees, as a condition of their employment or otherwise, any contract or agreement whereby such person, company or corporation shall be released or discharged from liability or responsibility on account of personal injuries received by such servants or employees while in service of such person, company or corporation, by reason of the negligence of such person, company or corporation, or the agents or employees thereof, and such contracts shall be absolutely null and void."

3. Section 27-12-103(b), W.S.1977 (June 1983 Replacement), reads:

"No contract, rule, regulation or device shall operate to relieve an employer from any liability created by this act [§§ 27-12-101 through 27-12-804] except as otherwise provided by this act."

See also, *Brigham Young University v. Industrial Commission of Utah*, 74 Utah 349, 279 P. 889, 65 A.L.R. 152 (1929), wherein the court held an agreement between the employer and employee settling the controversy for less than the amount of worker's compensation awarded valid and stated:

" * * * The right of parties sui juris to settle their own controversy and avoid litigation is a valuable and absolute right, and may be exercised by them under all circumstances, unless the state, under a proper exercise of police power, has circumscribed, restricted, or prohibited it. * * * " Id., 279 P. at 893.

■ If appellant was successful in his attempt to reopen the case, he would then seek the award of additional benefits under § 27–12–606, W.S.1977 (June 1983 Replacement), which provides:

"Where an award of compensation has been made in favor of or on behalf of an employee for any benefits under this act [§§ 27–12–101 through 27–12–804], an application may be made to the clerk of district court by any party within four (4) years from the date of the last award, or at any time during which monthly payments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud."

However, it does not appear that appellant is seeking such additional benefits based on any of the criteria prescribed by the statute. He states in his brief:

" * * * Appellant is asking for additional benefits as allowed under the terms of this statute but is not asking for any modification of the amount of the award previously granted on the ground of increase or decrease of incapacity or upon the grounds of mistake or fraud. Appellant is not challenging or asking for modification of his prior permanent partial disability rating or for modification of the prior rulings in this case concerning

payment of prior medical billings for treatment rendered. Appellant is only asking for additional benefits for medical treatment recommended by his physician and believes that he is entitled to be allowed to reopen his case for such benefits under the terms of the above statute."

We have held that an employee seeking award of additional benefits bears the burden of proving that additional benefits are justified. *Prentice Clark House v. State ex rel. Worker's Compensation Division*, Wyo., 701 P.2d 1162 (1985); and *Matter of Abas*, Wyo., 701 P.2d 1153 (1985). We find appellant has not articulated a sound basis for the award of additional benefits under § 27–12–606.

■ More significantly, however, is the fact that appellant may be without standing to challenge the validity of the stipulation entered into in the present case because he failed to appeal the district court's "Final Order of Award" entered on November 17, 1982. In that order, set forth above, the court ruled that the stipulation and order limited the benefits payable to appellant and that the provisions of such order be enforced. It also seems clear that the court intended the order to be the final determination of the parties' rights in this case.

We think appellant should have perfected his appeal when the court made its final order adjudicating the issues he now raises. Rule 1.05, Wyoming Rules of Appellate Procedure. Section 27–12–607, W.S.1977 (June 1983 Replacement), states:

"Every award within the meaning of this act [§§ 27–12–101 through 27–12–804] is a judicial determination of the rights of the employer, the employee and the disposition of money within the various accounts provided under this act as to all matters involved. * * * "

We have previously ruled that an award of worker's compensation benefits is a judicial determination of the parties' rights and, therefore, subject to the concept of

finality. *Conn v. Ed Wederski Construction Company*, Wyo., 668 P.2d 649 (1983).

Appellant has failed to show that the agreement was invalid or that the trial court committed any error in its disposition of this case.

Affirmed.

ROSE, Justice, dissenting.

The cornerstone of the majority's resolution of this appeal is the conclusion that the district court's final order prohibiting additional worker's compensation benefits is not subject to attack in this proceeding to reopen appellant's original award. In my opinion, however, the court's order is void for lack of jurisdiction under our worker's compensation law, and appellant should be afforded the opportunity to establish his right to additional benefits.

Section 27–12–606 of the Wyoming Worker's Compensation Act, §§ 27–12–101 through 27–12–804, W.S.1977, provides that an injured employee may be entitled to additional benefits after the entry of an award of compensation in his favor:

> "Where an award of compensation has been made in favor of or on behalf of an employee for any benefits under this act [§§ 27–12–101 through 27–12–804], an application may be made to the clerk of district court by any party within four (4) years from the date of the last award, or at any time during which monthly payments under an award are being made, for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease of incapacity due solely to the injury, or upon grounds of mistake or fraud."

An employer cannot be relieved of his liability under this section by any means not contemplated by the Act. Section 27–12–103(b) W.S.1977, provides:

> "No contract, rule, regulation or device shall operate to relieve an employer from any liability created by this act [§§ 27–12–101 through 27–12–804] except as otherwise provided by this act."

We have interpreted this language as prohibiting enforcement of a contract which purported to waive an injured employee's right to reopen his award in exchange for a promise of employment for life. *Horvath v. Sheridan-Wyoming Coal Co.*, 58 Wyo. 211, 131 P.2d 315 (1942). We observed in that case:

> " * * * [T]he legislature seems to have not added any language allowing compromise of liability on the part of the employer under the Workmen's Compensation Act, evidently deeming it unwise to open the door to an agreed or contractual reduction of the employer's liability through the latter's power over employees." 131 P.2d at 322.

The policy against contractual limitations on an injured employee's right to compensation appears in Art. 10, § 4 of the Wyoming Constitution, which reads in part:

> " * * * Any contract or agreement with any employee waiving any right to recover damages for causing the death or injury of any employee shall be void."

Section 27–1–105, W.S.1977, repeats and augments this constitutional provision:

> "It shall be unlawful for any person, company or corporation to require of its servants or employes, as a condition of their employment or otherwise, any contract or agreement whereby such person, company or corporation shall be released or discharged from liability or responsibility on account of personal injuries received by such servants or employes while in service of such person, company or corporation, by reason of the negligence of such person, company or corporation, or the agents or employes thereof, and such contracts shall be absolutely null and void."

The final order at issue in the instant case violates the express proscriptions as well as the fundamental policies of the foregoing constitutional and statutory provisions. The order abrogates appellant's right to seek future medical benefits pursuant to § 27–12–606. The court, therefore, lacked jurisdiction to enter this judgment under § 27–12–103(b) which prohibits any

device that relieves an employer from liability under the Act. Furthermore, the basis for the judgment—the agreement between the parties to limit additional benefits—was null and void under Art. 10, § 4 of the Wyoming Constitution and § 27-1-105.

A judgment entered by a court without jurisdiction is void and unenforceable. *Matter of Estate of Blaney*, Wyo., 607 P.2d 354 (1980); *Emery v. Emery*, Wyo., 404 P.2d 745 (1965). A void judgment has no effect on the parties and is not res judicata. *Matter of Blaney*, supra, 607 P.2d at 357. We said in *Emery v. Emery*, supra, 404 P.2d at 749:

> "A void judgment is not binding. It confers no rights and equitable relief is proper to prevent harm resulting from the fact that the judgment appears or purports to be valid. A.L.I. Restatement, Judgments, § 117, p. 565 (1942)."

Accordingly, the final order of the district court prohibiting appellant from seeking additional worker's compensation benefits was entered without jurisdiction and is void and of no effect. I would have remanded this case to the district court to permit a factual determination of appellant's entitlement to additional benefits based on an increase in incapacity under § 27-12-606, as that statute has been interpreted by this court in *House v. State ex rel. Worker's Compensation Division*, Wyo., 701 P.2d 1162 (1985), and *Matter of Abas*, Wyo., 701 P.2d 1153 (1985). I cannot agree with the majority that appellant has not presented a sound factual basis for the award of additional benefits, since the parties have never litigated that question and, in fact, have stipulated that appellant requires additional surgery as a result of his original injury.