**Carl HERRING, Appellant (Employee/Claimant),**

v.

**WELLTECH, INC., Appellee (Employer/Respondent).**

**No. 85–245.**

Supreme Court of Wyoming.

March 12, 1986.

Edwin H. Whitehead of Whitehead, Zunker, Gage, Davidson & Shotwell, P.C., Cheyenne, for appellant.

John R. Vincent of Hettinger & Leedy, P.C., Riverton, for appellee.

Before THOMAS, C.J., BROWN, CARDINE and MACY, JJ., and ARTHUR T. HANSCUM, District Judge.

ARTHUR T. HANSCUM, District Judge.

Appellant Carl Herring petitioned the district court to reopen his worker's compensation case, seeking additional benefits under § 27–12–606, W.S.1977 (June 1983 Replacement). His employer, appellee Welltech, Inc., objected to reopening the case, raising as a bar a written stipulation settling the amount of worker's compensation benefits the employer would pay for appellant's injury. Appellant appeals from the order of the district court denying his petition to reopen the case.

Appellant claims he should be entitled to reopen the case, contending that the written stipulation violated constitutional and statutory provisions prohibiting contractual devices to relieve an employer from a liability created by the worker's compensation laws. He further contends that he should

have been afforded a hearing on his petition to reopen the case.

Relying on the doctrine that an award of worker's compensation benefits paid under a written settlement agreement ratified by the court constitutes a judicial determination of the parties' rights and is thus subject to the concept of finality, we affirm.

Appellant filed a claim for worker's compensation benefits for an injury suffered on December 1, 1981, while an employee of Welltech, Inc. The processing of appellant's claim was interrupted by an order of the district court dismissing his case for his failure to timely answer an objection raised by the employer. An appeal from the district court's denial of a petition to reopen the case was successfully taken, resulting in the reinstatement of the case with instructions to the district court to hold a hearing on the merits. *Herring v. Welltech, Inc.*, Wyo., 660 P.2d 361 (1983).

On June 26, 1983, the district court set the case for hearing regarding appellant's request for temporary total disability and payment of a physician's claim. To accommodate discovery, the hearing previously set for September 2, 1983, was vacated and, instead, a pretrial conference was held on that date. Pretrial memoranda were filed, a pretrial conference was held, and a report was issued. The hearing was reset as a jury trial to be held on February 14, 1984.

Discovery ensued, witness designations were filed, jury instructions were requested, and memoranda of law were furnished. On February 1, 1984, appellant filed a pleading in which he waived a jury trial and advised the court that the issues were triable to the court. Appellee joined in the waiver of jury trial and requested specific findings. The jury trial was stricken, and the court set the case for trial to the court on July 5, 1984. Further discovery was conducted and correspondence exchanged between counsel.

No trial was held. On July 5, 1984, the clerk of court, referring to a telephone conversation with appellant's counsel the previous day, transmitted "several documents" to appellant's counsel for forwarding to appellant. Although the record is not entirely clear, it appears that the case had been settled, court officials had been notified, and settlement documents were being prepared.

The first evidence that the case had been settled is contained within a motion for award of attorney's fees filed on July 26, 1984, by appellant, wherein he states:

"That shortly before the trial scheduled to commence on July 5, 1984 in Jackson, Wyoming, the law firm of White, White, Spurrier & Millard negotiated an agreement with the Employer which provides HERRING with eighteen (18) months of temporary total disability benefits, all medical costs connected with further surgery which HERRING underwent on or about July 13, 1984 and payment of temporary total disability benefits thereafter. That HERRING's applicable benefit rate for temporary total disability is $1781.90 per month. That HERRING will receive total benefits worth approximately $50,000 pursuant to the agreement previously mentioned."

A stipulation[1] was filed on August 13, 1984, in which the employer consented to an award to appellant for 18 months of temporary total disability payments for the period beginning December 1, 1981 (the approximate date of the original injury) and ending July 4, 1984 (the day before trial). As contemplated by the settlement, a surgery was scheduled for July 13, 1984. The employer consented to the surgery and agreed to a maximum of six additional months of temporary total disability payments from the date of surgery, on the condition that the treating physician rendered a competent medical opinion that appellant was disabled for each of those months that he claimed additional disabili-

---

1. The words "Not Used" appear in red ink below the file mark on the stipulation. Whether "used" or not, the stipulation was filed and

reflects the terms of the settlement, later redrafted and substantially incorporated in the subsequent stipulation filed on August 23, 1984.

ty. The stipulation further provided that the "case be and the same is hereby dismissed with prejudice," seeming to effectuate a voluntary dismissal under Rule 41(a)(1)(ii), W.R.C.P., which applies to worker's compensation cases by virtue of § 27–12–607, W.S.1977 (June 1983 Replacement).

A release in full and covenant not to sue was also executed by appellant on July 10, 1984, as a part of the settlement. The release was filed as a supplement to this record on appeal. This document has dubious value under the law and is not a basis for affirmance in this case.

A second stipulation was filed on August 23, 1984, reciting substantially the same terms as the earlier one. Although the earlier stipulation was never presented to the district judge and was earmarked "Not Used," this second stipulation was filed, utilized as the specific basis of the settlement, and presented to the district judge under cover letter from the clerk of court. In the dismissal portion of the stipulation, the term "with prejudice" was interlineated and initialed.

Thereafter, pursuant to and in furtherance of the stipulation, the following orders of award were entered:

8/27/84 — Temporary Total Disability: $1,149.60 (Period: 7/12/84 through 7/31/84)
8/27/84 — Temporary Total Disability: $1,781.91 (Period: 8/1/84 through 8/31/84)
8/31/84 — Medical Expense: $3,994.17
9/27/84 — Temporary Total Disability: $1,781.91 (Period: 9/1/84 through 9/30/84)

9/30/84 — Medical Expense: $495.00
Medical Expense: $600.00
Medical Expense: $50.00
10/29/84 — Temporary Total Disability: $1,781.91 (Period: 10/1/84 through 10/31/84)
10/29/84 — Medical Expense: $71.22
11/27/84 — Temporary Total Disability: $1,781.91 (Period: 11/1/84 through 11/30/84)
12/26/84 — Temporary Total Disability: $1,781.91 (Period: 12/1/84 through 12/31/84)
3/01/85 — Temporary Total Disability: $689.76 (Period: 1/1/85 through 1/12/85)

In each instance claims were made, all disabilities were certified, the employer consented to each payment, and each claim was paid under an order of award issued through the court.

Benefits ceased pursuant to the stipulation on January 12, 1985. Appellant filed an application to reopen the case, alleging unspecific grounds for modification under § 27–12–606, and a traverse to the application was entered by the appellee/employer. The district court denied the application on the face of the pleadings without hearing, and this appeal resulted.

*Lea v. D & S Casing Service, Inc.*, Wyo., 707 P.2d 754 (1985), generally controls the decision in this case. There, too, appellant claimed he should have been entitled to reopen his case, contending the stipulation *and order* he entered into with his employer agreeing to damages were contrary to Art. 10, § 4 of the Wyoming Constitution,[2] § 27–1–105, W.S.1977 (June 1983 Replacement),[3] and § 27–12–103(b), W.S.1977 (June

**2.** Article 10, § 4 of the Wyoming Constitution reads:
"No law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person. Any contract or agreement with any employee waiving any right to recover damages for causing the death or injury of any employee shall be void. As to all extra hazardous employments the legislature shall provide by law for the accumulation and maintenance of a fund or funds out of which shall be paid compensation as may be fixed by law according to proper classifications to each person injured in such employment or to the dependent families of such as die as the result of such injuries, except in case of injuries due solely to the

culpable negligence of the injured employee. Such fund or funds shall be accumulated, paid into the state treasury and maintained in such manner as may be provided by law. The right of each employee to compensation from such fund shall be in lieu of and shall take the place of any and all rights of action against any employer contributing as required by law to such fund in favor of any person or persons by reason of any such injuries or death."

**3.** Section 27–1–105, W.S.1977 (June 1983 Replacement), reads:
"It shall be unlawful for any person, company or corporation to require of its servants or employees, as a condition of their employment or otherwise, any contract or agreement

1983 Replacement).[4] This Court held that the agreement in the *Lea* case did not violate constitutional or statutory provisions. The agreement was not a waiver of rights to recover damages, nor was it an agreement requiring release of the employer from liability as a condition of continuing employment.

Here, as in the *Lea* case, appellant also argues that the stipulated agreement is void, citing *Horvath v. Sheridan-Wyoming Coal Co.*, 58 Wyo. 211, 131 P.2d 315 (1942). In the *Horvath* case, the employee entered into an oral agreement with the employer whereby the employee agreed to " 'forego and abandon his right to Workmen's Compensation allowances arising from the injuries received by him while employed by the Company' " in exchange for the rest of his life. 131 P.2d at 316. Such an agreement was clearly void, violating statutory and constitutional provisions, because it relieved the employer from a liability created by the Wyoming Worker's Compensation Act.

This Court found the facts under review in the *Lea* case were "readily distinguishable from the *Horvath* case." *Lea v. D & S Casing Service, Inc.*, 707 P.2d at 756. The Court reasoned in the Lea case that:

> " * * * [T]he stipulation and order did not operate to relieve the employer from liability under the act; rather, the employer accepted liability for appellant's worker's compensation claims and the parties agreed to an amount thereby settling a dispute pending before the court." 707 P.2d at 756.

See also *Brigham Young University v. Industrial Commission of Utah*, 74 Utah 349, 279 P. 889, 65 A.L.R. 152 (1929); and 82 Am.Jur.2d, Workmen's Compensation § 459 (1976).

Here, appellant argues that the *Lea* case is distinguishable from the facts of this case, contending that the stipulation was never approved by a court order. Appellant concludes, therefore, that, unlike in *Lea*, there was no judicial determination of the parties' rights; thus, the doctrine of finality expressed in the *Lea* case and *Conn v. Ed Wederski Construction Company*, Wyo., 668 P.2d 649 (1983), does not apply.

■ We disagree. While appellant is correct that there was no court order entered expressly approving the stipulation in this case, the district judge received a copy of the stipulation, and orders of award were entered implementing the terms of the stipulation. Section 27–12–607 provides: "Every award within the meaning of this act is a judicial determination of the rights of the employer [and] the employee." Acquiescing in the settlement, the district judge vacated the trial setting; ratifying the settlement, awards were made; and implementing the settlement, consents to each claim were obtained from the employer, and the benefits were paid pursuant to the stipulation. The appellee/employer accepted liability created by the act; it settled the dispute pending before the court, conceding liability and consenting to payment of benefits. Through the intervention of judicial process, finality attaches to the stipulated payments. Though the rule of finality is not absolute, *Loveday v. Wyoming State Treasurer ex rel. Wyoming Worker's Compensation Division*, Wyo., 711 P.2d 396 (1985), these attendant circumstances require conclusiveness.

■ Next, appellant contends that he should have been afforded a hearing on his petition to reopen the case. He argues § 27–12–602(a), W.S.1977 (June 1983 Re-

---

whereby such person, company or corporation shall be released or discharged from liability or responsibility on account of personal injuries received by such servants or employees while in service of such person, company or corporation, by reason of the negligence of such person, company or corporation, or the agents or employees thereof, and such contracts shall be absolutely null and void."

**4.** Section 27–12–103(b), W.S.1977 (June 1983 Replacement), reads:

"No contract, rule, regulation or device shall operate to relieve an employer from any liability created by this act [§§ 27–12–101 through 27–12–804] except as otherwise provided by this act."

placement), mandates that an employee be afforded a hearing if a claim for benefits is disputed. Reliance on this provision is misplaced; this case does not involve "a dispute as to the right of the employee * * * to receive compensation, or as to amount of compensation." Rather, this case is brought as an application for modification of an award to which the employer consented by stipulation and which had already been paid.

Pursuant to § 27–12–606, an application may be made "for additional benefits of any type or nature or for a modification of the amount of the award on the ground of increase or decrease in incapacity due solely to the injury, or upon grounds of mistake or fraud." No specific hearing requirement is mandated although if the allegations of the petition are sufficient to raise factual grounds to modify, no doubt a hearing should be provided to address those factual issues. Here, the petition was subject to dismissal by operation of the legal bar to judicial redetermination of a settlement and orders of award which bore the cloak of finality. Under these circumstances, though a hearing might be a preferred method of disposition, a hearing is not mandated.

 Even if the legal bar were not present, it is questionable whether the application to reopen for award of additional compensation and modification filed in this case sufficiently alleges grounds to invoke a modification. The application, inter alia, alleges that "continued disability of Employee/Claimant, as alleged above, constitute[s] grounds for modification under Section 27–12–606 W.S. 1977." There is no allegation of increase of incapacity, mistake or fraud. We have spoken about the burden imposed on the injured worker to establish the ground to reopen. *Hunteman v. Ward Transport, Inc.*, Wyo., 706 P.2d 1126 (1985); *Abas v. State ex rel. Wyoming Worker's Compensation Division*, Wyo., 701 P.2d 1153 (1985). It follows that the petition to reopen must state a specific ground sufficient to invoke a statutory basis for reopening. Here, appel-

lant essentially avers that his bad back continues to be a bad back; this is not sufficient. Accordingly, the application may be facially defective, entitling the district court to dismiss on the pleadings without a hearing.

Based on the foregoing, this Court concludes that the settlement stipulation, acquiesced to by the district court, and the accompanying orders of award are judicial determinations to be accorded finality.

Affirmed.