# IN THE SUPREME COURT, STATE OF WYOMING

## 2017 WY 54

APRIL TERM, A.D. 2017

May 12, 2017

IN THE INTEREST OF: DJS-Y and APY, Minor Children,

CY,

Appellant
(Respondent),

v.

THE STATE OF WYOMING,

Appellee
(Petitioner).

S-16-0260

*Appeal from the District Court of Sheridan County*
*The Honorable John G. Fenn, Judge*

***Representing Appellant:***
Kenneth B. DeCock, Plains Law Offices, LLP, Sheridan, Wyoming.

***Representing Appellee:***
Peter K. Michael, Attorney General; Misha Westby, Deputy Attorney General; Shawnna M. Herron, Senior Assistant Attorney General; Jill E. Kucera, Senior Assistant Attorney General. Argument by Ms. Herron.

***Guardian Ad Litem:***
Dan S. Wilde, Deputy State Public Defender and Aaron S. Hockman, Chief Trial and Appellate Counsel, Wyoming Guardian Ad Litem Program.

***Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.***

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BURKE, Chief Justice.**

[¶1]   In this case of alleged child neglect, Mother, CY, and the State of Wyoming stipulated to the entry of a Consent Decree.  The decree provided that it would be in effect for six months and that it "shall expire" and that the action would be deemed dismissed "if no further action is taken in this matter."  After the decree had been in effect for six months and the State had not taken any additional action, Mother filed a motion to dismiss.  The juvenile court denied the motion and extended the decree for an additional six months.  Mother challenges that decision in this appeal.  The State contends that this matter is moot because Mother's children were returned to her after this appeal was filed and the underlying juvenile case has been closed.  We conclude that an exception to the mootness doctrine applies, and that the terms of the Consent Decree required dismissal of the neglect action because the State failed to assert non-compliance with the decree within the time period provided in the decree.  Accordingly, we reverse the decision of the juvenile court denying Mother's motion to dismiss.

## ISSUES

[¶2]   The issues for our consideration are:

> 1.   Should this appeal be dismissed because it is moot?
>
> 2.   Did the juvenile court have authority to extend the Consent Decree after six months had elapsed and the State had taken no action alleging that Mother had failed to comply with the terms of the decree?

## FACTS

[¶3]   On August 26, 2015, Mother was arrested for child endangerment.  The juvenile court held a shelter care hearing the following day and ordered that Mother's two children be placed in DFS custody.  Subsequently, the State filed a petition asserting that Mother had neglected her children.  On October 28, 2015, the juvenile court entered a Consent Decree to which the parties had agreed.  The decree provided that "if no further action is taken in this matter, it shall expire and be deemed dismissed on the six (6) month anniversary date of this Consent Decree."

[¶4]   On June 2, 2016, Mother filed a motion to dismiss, stating that no further action had been taken by the State, and that more than six months had passed since the date of the Consent Decree.  In response, the State asserted that Mother was in a residential substance abuse treatment program and was expected to remain there for another sixty days and, because of that, Mother had no home to which the children could return.  The State asked the juvenile court to reinstate the neglect petition.  After a hearing, the

1

juvenile court denied Mother's motion to dismiss, granted the State fifteen days to file an amended neglect petition, and extended the Consent Decree for another six months.

[¶5]    Mother filed a timely notice of appeal.  Approximately two months later, the State filed a motion in the juvenile court to close the case because the children had been returned to Mother.  The court entered an order closing the case on November 16, 2016.  The State then filed in this Court a motion to dismiss Mother's appeal, asserting that the closure of the case and the return of the children to Mother rendered this case moot.  In our order denying the State's motion to dismiss, we agreed that the matter is moot, but found it "debatable whether any exception to the mootness doctrine should apply," and that "such questions should not be answered in this case on a motion to dismiss."

## *DISCUSSION*

[¶6]    "[A]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  *White v. Shane Edeburn Constr., LLC*, 2012 WY 118, ¶ 13, 285 P.3d 949, 953 (Wyo. 2012) (quoting *Christian Coalition of Florida, Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011)).  Because Mother's children have been returned to her and her case has been closed, we agree with the parties that this matter is moot.  As a general rule, courts should not consider issues that have become moot.  *White*, ¶ 13, 285 P.3d at 953.  The State contends that we should dismiss the case for that reason.  Mother contends, however, that exceptions to the mootness doctrine apply here, and urges us to address the merits of her appeal.  Mootness is a question of law that we review *de novo*.  *Cooper v. Town of Pinedale*, 1 P.3d 1197, 1201 (Wyo. 2000).

[¶7]    "The rule that a case must be dismissed when it becomes moot is not absolute." *Operation Save America v. City of Jackson*, 2012 WY 51, ¶ 22, 275 P.3d 438, 448 (Wyo. 2012).    We have recognized three exceptions to the mootness doctrine, and have considered technically moot matters "when: (1) the issue is one of great public importance; (2) we have deemed it necessary to provide guidance to state agencies and lower courts; or (3) the controversy is capable of repetition yet evading review."  *Circuit Court of the Eighth Judicial Dist. v. Lee Newspapers*, 2014 WY 101, ¶ 12, 332 P.3d 523, 528 (Wyo. 2014) (internal quotation marks omitted) (citing *Operation Save America*, ¶¶ 22- 23, 275 P.3d at 448-49).  Mother asserts that the first two exceptions apply to her case.  We conclude that the second exception applies, and will consider the merits of Mother's case in order to provide guidance to Wyoming's juvenile courts and state agencies.

[¶8]    The State contends that it is unnecessary to provide guidance because such guidance already exists.  In support of its position, the State points to our decisions in *MR v. State (In re CDR)*, 2015 WY 79, ¶ 23, 351 P.3d 264, 269 (Wyo. 2015) and *DB v. State (In re CRA)*, 2016 WY 24, ¶ 17, 368 P.3d 294, 299 (Wyo. 2016).  Although both cases

contain language pertinent to our discussion, neither case directly addressed the issue before us in a manner that would be deemed controlling.

[¶9]    In *MR*, ¶ 10, 351 P.3d at 267, the State filed motions to terminate the decree and reinstate the neglect proceedings based on allegations that one parent had violated the Consent Decree.  In *MR*, however, the motions were filed prior to the expiration of the decree.  *Id*.  In our discussion in that case, we observed that

> if the consent decree had expired on [the date specified in the consent decree] without any complaint that Mother or Father had violated its terms and conditions, the juvenile court would have been compelled by the decree's terms and Wyo. Stat. Ann. § 14-3-428(c), (f), [and] (g) to discharge them and close the case.

*Id*., ¶ 23, 351 P.3d at 269.  That observation did not reflect the facts of the case, however, and was not essential to our decision.  It is properly categorized as *dictum* and "lack[s] the force of an adjudication." *Black's Law Dictionary* 454 (6th ed. 1990).

[¶10]  In *DB*, ¶ 17, 368 P.3d at 299, we indicated that a Consent Decree can "end either by expiration of its term, or by discharge by the court."  Again, however, the circumstances in that case were quite different from those in the case before us.  In *DB*, the State filed a neglect action against the Mother of a minor child.  *Id*., ¶ 1, 368 P.3d at 296.  DB was the father of the child.  *Id*.  Mother, Father, and the State stipulated to the entry of a Consent Decree.  *Id*.  The State subsequently filed a motion to dismiss the case and the juvenile court granted the motion without a hearing.  *Id*.  Father appealed, contending that a hearing was required prior to dismissal to determine if Mother had complied with the terms of the decree.  *Id*.  We affirmed, finding that a hearing was not required.  *Id*., ¶ 2, 368 P.3d at 269.  In this case, the question presented is whether the juvenile court had the authority to extend a Consent Decree after it had expired.

[¶11]  The two cases cited by the State provide no precedent directly addressing the issue presented here.  To the extent our precedent may touch on the authority of a juvenile court to extend a Consent Decree, it indicates that the parties and the court are bound by the terms of the decree.  Although the State now contends that there is no need for additional guidance, we note that the State's argument in response to Mother's motion to dismiss was inconsistent with our *dictum* in *MR*.  Based upon the foregoing, we conclude that the second exception to the mootness doctrine has been satisfied and we will address the merits of this appeal.

[¶12]  Mother contends that the juvenile court erred in denying her motion to dismiss the neglect action and extending the Consent Decree for an additional six months.  She relies upon the Child Protection Act, Wyo. Stat. Ann. §§ 14-3-401 through -441, and upon the

terms of the Consent Decree in support of her position. "Questions of statutory interpretation and of contract construction are matters of law which this Court reviews *de novo*." *DB*, ¶ 15, 368 P.3d at 298 (citing *LM v. Laramie County Dep't of Family Servs. (In re MN)*, 2007 WY 189, ¶ 4, 171 P.3d 1077, 1080 (Wyo. 2007) and *MR*, ¶ 26, 351 P.3d at 270).

[¶13] Mother filed her motion to dismiss on June 2, 2016. It was short and to the point. It alleged that the court had entered a Consent Decree in this matter on October 28, 2015, that the Consent Decree provided that "if no further action is taken in this matter, it shall expire and be deemed dismissed on the six (6) month anniversary date of this Consent Decree," that no further action had been taken by the State, and that more than six months had elapsed since the date of the Consent Decree. The motion sought an order dismissing the neglect action.

[¶14] In response, the State admitted the existence of the Consent Decree and did not deny any of the allegations contained in the motion. Instead, the State alleged that Mother failed to perform her obligations under the terms of the decree. The State referenced a shoplifting charge filed against Mother in December 2015, her termination from an inpatient treatment program and her subsequent return to jail in March 2016, and her current placement in a residential substance abuse treatment program. The State further alleged that Mother would remain in the treatment program for an additional 60 days, so there was no home the children could return to if they were removed from foster care. The State alleged that the children continued to be neglected and sought reinstatement of the original neglect petition. Significantly, despite its assertion of non-compliance by Mother, the State never denied that it had taken no action within six months of entry of the decree.

[¶15] The court held a hearing on the motion and succinctly summed up the situation:

> So your client . . . the children have never been returned to your client, she's never complied with the requirements of the consent decree to get the children back, and now you're saying it terminates on its face. It's kind of a procedural snaf[u] by the State by not following up, but . . . your client's not in a position to take the children right now. . . . She's not here, she's in treatment: what are we to do with the children?

During the hearing, the court again expressed concern for the welfare of the children:

> Understanding the Court's position that the paramount concern of the Court that takes preceden[ce] over your client's rights or the State's rights is the safety of the children, that's the – that's the first thing that I try to make sure that is

4

in place, because all the other things, I think the law supports it, that the children's safety is paramount.

Ultimately, the court denied the motion, found that there was good cause to extend the Consent Decree, and extended it for a period of "six (6) months." It also allowed the State an additional 15 days to amend the neglect petition.

[¶16] The juvenile court's concern for the welfare of the children is understandable. We also acknowledge that the court was placed in a difficult position because the State had failed to take any action within six months of entry of the Consent Decree despite Mother's apparent failure to comply with the terms of the decree. Nevertheless, we are forced to conclude, based upon the plain and unambiguous language of the Consent Decree, that the juvenile court erred in denying the motion to dismiss.

[¶17] Consent Decrees in neglect actions are authorized under Wyo. Stat. Ann. § 14-3-428(a). That statute also provides that "[m]odifications to an existing consent decree may be allowed." *Id*. In this case, the children were placed outside the home and, in this situation, the "consent decree shall be in force for the period agreed upon by the parties but not longer than six (6) months unless sooner terminated by the court." Wyo. Stat. Ann. § 14-3-428(d). The statute also provides that "[f]or good cause the court may grant one (1) extension of the consent decree for no longer than six (6) months." *Id*. The juvenile court apparently relied upon this latter provision in extending the Consent Decree and denying the motion to dismiss. Here, it would seem, good cause did exist for extension of the decree. However, a Consent Decree can be extended only if there is a Consent Decree in existence. The Consent Decree in this case had expired.

[¶18] We have previously recognized that:

> Consent decrees do not result from a court's resolution of the merits of a dispute, but rather from a contractual agreement between the parties. Consequently, they should be enforced as a contract in accordance with the parties' intent. 18A Charles A. Wright, et al., *Federal Practice and Procedure: Jurisdiction* § 4443 (2d ed. updated 2015); *Local No. 93, Intern. Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 519, 106 S.Ct. 3063, 3073, 92 L.Ed.2d 405 (1986); *United States v. Northern Colorado Water Conservancy Dist.*, 608 F.2d 422, 430 (10th Cir. 1979). . . . [A consent decree] must be construed as it is written. *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 235-37, 95 S.Ct 926, 934-35, 43 L.Ed.2d 148 (1975).

5

*MR*, ¶ 24, 351 P.3d at 269-70. The Consent Decree in Mother's case provided that "if no further action is taken in this matter, it shall expire and be deemed dismissed on the six (6) month anniversary date of this Consent Decree." When Mother filed her motion to dismiss, more than six months had passed, and no further action had been taken in the matter. Applying the language as it is written, the Consent Decree had expired and the matter was deemed dismissed. If the State had any concerns about Mother's performance under the Consent Decree, it was required to initiate action within the six-month period specified in the decree.[1] Its failure to do so deprived the juvenile court of any opportunity to modify or extend the decree "for good cause."

[¶19] The juvenile court was not authorized to extend the expired Consent Decree under the applicable statutes or pursuant to the decree's terms. Accordingly, we conclude that the juvenile court erred in denying Mother's motion to dismiss.

[¶20] Reversed.

---

[1] Although we have found that extension of the Consent Decree was unauthorized in this case, nothing in this opinion should be viewed as imposing any limitation on the State to take other appropriate action to protect children.