2017 WY 86

**CITY OF CASPER, Wyoming, a Wyoming Municipal Corporation, Petitioner,**

v.

**Shaina SIMONSON, Respondent.**

S-16-0247

Supreme Court of Wyoming.

July 26, 2017

Representing Petitioner: Gary G. Way, Assistant City Attorney, Casper, Wyoming

Representing Respondent: Dallas J. Laird, Attorney at Law, Casper, Wyoming

Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.

DAVIS, Justice.

[¶1] Shaina Simonson claimed in a district court appeal that the probationary portion of a sentence imposed by the municipal court in Casper was illegal. The district court agreed, and the City of Casper challenged that ruling by filing a petition for a writ of review.[1] We grant the writ of review, and we affirm the district court.

## ISSUES

[¶2] The City poses a single question:

Does a municipal court have the power to impose a term of probation on a defendant if the ordinance governing the offense committed provides for punishment only by a fine?

---

1. District courts are empowered to hear appeals from municipal courts, and further review may be had by way of a petition for a writ of review in this Court. Wyo. Stat. Ann. § 5-2-119 (LexisNexis 2017); W.R.A.P. 13.01(a).

2. Those provisions make it illegal for a person under the age of twenty-one to possess alcoholic beverages and define possession to include consumption.

3. A no contest or nolo contendere plea has the same effect as a guilty plea in a criminal case, but it cannot be used as an admission by the

We instructed the parties to also brief the issue of whether the City should be granted, in light of *City of Sheridan v. Cadle*, 24 Wyo. 293, 157 P. 892 (1916), and *City of Laramie v. Mengel*, 671 P.2d 340 (Wyo. 1983), a writ of review.

## FACTS

[¶3] At approximately 1:00 a.m. on October 31, 2015, two Casper police officers responded to a complaint of loud music being played at what appeared to be a party at a residence on South Elk Street. After investigation, the officers arrested the twenty-year-old host of the festivities, whose mother was not home, and issued citations to ten other individuals between the ages of seventeen and twenty for violating Casper Municipal Code § 5.08.370(A) and (B).[2] Ms. Simonson, who was eighteen at the time, was one of those individuals.

■ [¶4] Although her case was set for a bench trial, she eventually decided to enter a no contest plea[3] to the charge.[4] At the combined change of plea and sentencing hearing, the municipal court twice described the maximum penalty faced by Simonson as a $750 fine. Shortly thereafter the city attorney recommended what he characterized as the standard penalty for a first-time offender of the minor in possession ordinance. That consisted of a $750 fine plus $10 court costs, the suspension of all but $160 of that amount, and six months of unsupervised probation.

[¶5] Simonson's attorney responded that, except for the fine, such a sentence would be illegal because the City had authorized nothing but a fine for the misdemeanor offense of being a minor in possession of an alcoholic

---

defendant in a civil case premised on the conduct for which she was prosecuted. *State v. Steele*, 620 P.2d 1026, 1028 (Wyo. 1980).

4. At her first appearance before the municipal court on November 13, 2015, Simonson received and signed an advisement of rights form which advised her of the various pleas open to her, and which also advised her that she faced a maximum penalty of a $750 fine, and that incarceration was only possible if she had been charged with driving under the influence or as a repeat offender for certain offenses.

beverage. He directed the court to the provisions of Casper Municipal Code § 1.28.010, which established the penalties available for acts made unlawful by the Code, including the one for which Simonson was convicted.

[¶6] Subsection B of that ordinance provides:

Any misdemeanor committed in the city **shall be punishable only by a fine of not more than seven hundred fifty dollars,** to which may be added court costs as set by the municipal court, but not to exceed ten dollars for all violations, except as otherwise provided.

Casper Municipal Code 1.28.010(B) (emphasis added).[5] Subsection C provides for incarceration, but only with respect to repeat offenders, and then only with respect to enumerated offenses. Being a minor in possession of alcohol is not one of those offenses.

[¶7] Only subsection E of the penalty ordinance has any application to that offense, but it deals only with repeat offenders and provides:

For a violation of city code Section 5.08.370 committed and formally charged by the filing of a complaint in the municipal court for the city, the formal charge being filed under a single prior conviction in the municipal court for the city, for the same offense charged, the court shall fine the violator not less than one hundred fifty dollars, nor more than seven hundred fifty dollars, to which may be added court costs as set by the municipal court, but not to exceed ten dollars. For a subsequent conviction of this section within twelve months, the person shall be punished by a fine of not less than three hundred fifty dollars nor more than seven hundred fifty dollars. For a third conviction within twenty-four months, the person shall be punished by a fine of not less than six hundred

dollars nor more than seven hundred fifty dollars.

Casper Municipal Code § 1.28.010(E).

[¶8] Citing *Hicklin v. State*, 535 P.2d 743 (Wyo. 1975), for the proposition that a term of probation for a given crime may not exceed the maximum term of imprisonment expressly set by the legislature for that offense, Simonson's attorney argued that she could not be placed on probation because the municipal court had no authority to sentence her to jail. The court, however, elected for the most part to adopt[6] the city attorney's recommended sentence on the theory that it was authorized to impose probation by Wyo. Stat. Ann. § 7-13-302 (LexisNexis 2017), which provides:

(a) After conviction or plea of guilty for any offense, except crimes punishable by death or life imprisonment, and following entry of the judgment of conviction, the court may:

(i) Suspend the imposition or execution of sentence and place the defendant on probation; or

(ii) Impose a fine applicable to the offense and place the defendant on probation.

Defense counsel asked the court to stay its sentence, except the fine, pending an appeal, but the court declined to do so.

[¶9] On May 2, 2016, Simonson appealed to the district court. On October 7, 2016, the district court issued an order reversing the municipal court's sentence and remanding the case.

[¶10] In concluding that the sentence was illegal, the district court found that the Casper ordinances governing the penalty for the possession of alcohol by a minor were clear and unambiguous, and that they expressly limited that penalty to a fine of between $150 and $750. They did not provide for a potential penalty of incarceration. The court noted that although the legislature had statutorily given the City the power to enforce its ordi-

---

5. It was suggested in argument that the ordinance does not permit incarceration because to do so would perhaps require a jury trial, which could involve a great deal of expense.

6. The court omitted the probation condition that Simonson undergo an alcohol addiction assessment and complete any recommended counseling because she had completed those proposed requirements prior to entering her plea.

nances by imposition of a term of incarceration, Casper had elected not to exercise that option with respect to this offense. In contrast, the City did expressly adopt a penalty of incarceration for other offenses.

[¶11] The district court further concluded that Wyo. Stat. Ann. § 7-13-302 should not be read to permit a probationary sentence even if the penalties specified for a particular crime did not include incarceration. To do so would require ignoring *Hicklin's* holding that probation is a substitute for incarceration, and that, by virtue of the potential restrictions it may place on a defendant's freedom, it is constructive incarceration. Moreover, because the City's governing body seems to have made purposeful choices in imposing or withholding incarceration as a possible penalty with respect to various offenses, reading § 7-13-302 as the municipal court did would render those choices meaningless.

[¶12] The City filed its Petition for Writ of Review roughly two weeks later.

## DISCUSSION

### Propriety of the Writ of Review

█ [¶13] Pursuant to Wyo. Stat. Ann. § 5-2-119, municipal court cases "may be appealed to the district courts and thereafter to the Wyoming supreme court only if the supreme court grants a writ of certiorari agreeing to hear the appeal." The statute also requires this Court to adopt procedures and standards for seeking and granting such review. That requirement was largely accomplished through the adoption of W.R.A.P. 13, which governs petitions for a writ of review. W.R.A.P. 13.01(a). The rule, however, does not set out the circumstances under which review in the nature of certiorari may properly be granted. That topic has been left to decisional law regarding the common law writ of certiorari, much of which predated and presumably informed the passage of § 5-2-119. Chief among those decisions are *City*

*of Sheridan v. Cadle*, 24 Wyo. 293, 157 P. 892 (1916), and *City of Laramie v. Mengel*, 671 P.2d 340 (Wyo. 1983).

[¶14] In *Cadle*, the defendant succeeded in having his municipal court conviction overturned on appeal to the district court, and the City of Sheridan filed a petition for a writ of certiorari in this Court to challenge the district court's jurisdiction. We allowed the case to proceed, holding that the writ was historically available when the petition claimed the lower court acted in excess of its jurisdiction. We also noted that the writ was historically denied where the petitioner had some other adequate remedy available. There was no alternative because relief by way of a bill of exceptions (presently set out in Wyo. Stat. Ann. §§ 7-12-102 through 104) was available only in prosecutions brought under the state criminal code. *Cadle*, 157 P. at 895.

[¶15] *Mengel* concerned a municipal court decision to suppress the refusal of two defendants to submit to a blood-alcohol test. The City of Laramie, which had no right to appeal that decision to the district court, instead petitioned this Court for a bill of exceptions. Noting the limitation placed on that remedy by *Cadle*, we treated the petition as one for a writ of certiorari. *Mengel*, 671 P.2d at 343.

█ [¶16] Although we refrained from an attempt to define the full scope of the writ, we cited to *Call v. Town of Afton*, 73 Wyo. 271, 278 P.2d 270 (1954), for the proposition that it had long and widely been held to serve functions other than challenging an inferior court's jurisdiction when review is deemed essential to prevent a failure of justice. That includes cases where the petitioner has no appellate or other plain, speedy, and adequate remedy, particularly those posing issues of potentially state-wide concern or issues having constitutional implications. Moreover, it may be granted cases that are technically moot. *Mengel*, 671 P.2d at 344-45.[7]

7. The mootness doctrine holds that a court generally should not entertain a case when a change of circumstances has eliminated the possibility of acting meaningfully to remedy a wrong even after resolving the parties' controversy. *Operation Save America v. City of Jackson*, 2012 WY 51, ¶ 21, 275 P.3d 438, 448 (Wyo. 2012). We strongly suspect the City's case may be moot because the district court did not rule in Simonson's appeal until three days after the period of her probation presumably expired. However, there are three exceptions to the operation of that doctrine which relate to issues of great public importance, issues with respect to which it is necessary to

[¶17] As was the case in *Cadle* and *Mengel*, certiorari appears to be the City's only available path for resolving its dispute with Simonson. Furthermore, this case raises an issue of state-wide concern. We therefore grant the writ of review and address the merits.

## The Power to Impose Probation

[¶18] The question of whether a court has imposed an illegal sentence by virtue of exceeding legislatively established limits is a question of law which we review de novo. *Palmer v. State*, 2016 WY 46, ¶ 9, 371 P.3d 156, 158 (Wyo. 2016); *Manes v. State*, 2007 WY 6, ¶ 7, 150 P.3d 179, 181 (Wyo. 2007). With respect to any particular offense, courts may impose only those sentences authorized by the legislature by statute governing that offense. *Chapman v. State*, 2015 WY 15, ¶ 17, 342 P.3d 388, 393 (Wyo. 2015); *Seaton v. State*, 811 P.2d 276, 282 (Wyo. 1991); *Williams v. State*, 692 P.2d 233, 235 (Wyo. 1984).

[¶19] When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of its words and will not enlarge or expand it beyond its express provisions. *Johnson v. City of Laramie*, 2008 WY 73, ¶ 7, 187 P.3d 355, 357 (Wyo. 2008) (citation omitted); *Sponsel v. Park County*, 2006 WY 6, ¶ 9, 126 P.3d 105, 108 (Wyo. 2006).

[¶20] We agree with the district court's reading of Casper's ordinances governing minors in possession, as they are set out above. The relevant ordinances expressly authorize only a fine as punishment for that misdemeanor, and they nowhere authorize the alternatives of incarceration or probation.

[¶21] We also agree with the district court's conclusion as to the continuing relevance of *Hicklin v. State*, 535 P.2d 743 (Wyo. 1975).[8] That decision did more than blithely characterize probation as constructive confinement and conclude on that basis that a term of probation cannot exceed the maximum term of imprisonment authorized by the statute a defendant had violated. It illustrated that the power to impose probation was in part dependent on the power to incarcerate.

[¶22] *Hicklin* noted that probation constituted a legislatively approved abridgment of a defendant's liberty in the public interest. It is something less than imprisonment because the rigors of confinement are absent, but it is nevertheless a substitute for complete imprisonment because it considerably restricts the liberty of a convicted criminal and intrudes upon his private life. *Id.* at 753.

[¶23] The inherent inseparability of probation from the power to jail a defendant is reflected in the history of probation in the United States. The practice of granting probation, and the use of the word, originated in 1841 with the private efforts of John Augustine, a religious Boston boot maker who, in order to prevent the all-too-prevalent incarceration of low risk offenders, convinced courts to defer sentencing pending a three-week trial period of release into his supervisory custody on bail. 22 Joan Petersilia, *Probation in the United States*, Crime & Just. 149, 155 (1997). From its beginnings, it was available only to individuals subject to incarceration, as an alternative to imprisonment. Cecelia Klingele, *Rethinking the Use of Community Supervision*, 103 J. Crim. L. & Criminology 1015, 1021-23 (2013); Kellie Brady, Comment, *Some People Just Shouldn't Have Kids!: Probation Conditions Limiting the Fundamental Right to Procreate and How*

---

provide guidance to state agencies and lower courts, and controversies capable of repetition while evading review. *Id.* ¶¶ 22-23, 275 P.3d at 448-49; *In Interest of DJS-Y*, 2017 WY 54, ¶ 7, 394 P.3d 467, 469 (Wyo. 2017). Here, the balancing of the powers of a community's governing body and its judiciary is of great importance and must be conveyed to the lower courts. Moreover, the facts of Simonson's case suggest that her sentence is considered "standard" in Casper, and that unless we do something conclusive now,

short probation periods will continue to stand as an obstacle to meaningful review.

8. The City questions the vitality of *Hicklin*'s characterization of probation as constructive confinement by noting that the definition of "official detention" in Wyo. Stat. Ann. § 6-5-201(a)(ii) excludes supervision on probation. However, official detention refers to formal arrests and actual confinement. Naturally, it would exclude the constructive confinement of probation.

*Texas Courts Should Handle the Issue*, 16 Tex. Wesleyan L. Rev. 225, 227-29 (2010).

[¶24] Furthermore, probation became a creature of statute largely because of its relationship to and its use as a substitute for incarceration, as well as judicial uncertainty as to whether suspending imposition or execution of authorized jail or prison sentences was authorized by the common law or could be justified as an inherent power of courts. Wayne A. Logan, Symposium, *The Importance of Purpose in Probation Decision Making*, 7 Buff. Crim. L. Rev. 171, 175-76 (2003); *see also Ex Parte United States*, 242 U.S. 27, 42-45, 37 S.Ct. 72, 74-76, 61 L.Ed. 129 (1916).

[¶25] In short, the power to impose probation has historically been related to the power to incarcerate, and to no other criminal penalty. For this reason, we conclude that a natural corollary to the rule of *Hicklin* is that a court cannot place a defendant on probation for an offense that has not expressly been made punishable by a jail or prison sentence.

[¶26] The City attempts to avoid that result by arguing that the above rule was altered by Wyo. Stat. Ann. § 7-13-302, which we quoted above. We see two problems with the City's argument. As we have already noted, probation has historically been tied to incarceration, and has been construed as constructive confinement. We must read the statute, which was originally enacted in 1939,[9] in that light, as we presume the legislature acted in a thoughtful and rational manner with full knowledge of the law when it enacted the statute. *Harmon v. Star Valley Medical Center*, 2014 WY 90, ¶ 47, 331 P.3d 1174, 1187-88 (Wyo. 2014). Therefore, we must conclude that the terms "suspend the imposition or execution of sentence" only refer to a potential sentence of incarceration.

[¶27] We likewise cannot conclude, for reasons stated in *Brown v. Jarvis*, 36 Wyo. 406, 256 P. 336 (1927), that the statute somehow implies a penalty of incarceration that could be suspended. Brown was convicted in Casper's city court of unlawfully possessing intoxicating liquor in violation of a city ordinance. He was sentenced to thirty days in jail despite a state statute which authorized only a fine for violations of ordinances. He obtained relief from the district court, and the city appealed in reliance upon a more general state statute that arguably could be read as allowing for other forms of punishment. The Court rejected that position because viewing the more general provision in that manner would violate the established rule that a penalty cannot arise by implication, but must be expressly imposed by a legislative body. *Id.* at 338.

[¶28] The district court was therefore correct in holding that municipal courts cannot impose probation when the only penalty for an offense is a fine. We recognize that this ruling will limit municipal courts' ability to impose what might be helpful conditions of probation to address the potential drinking problems of youthful offenders. However, the resolution of that issue lies in amending the ordinance to provide for incarceration, or through legislation.

## CONCLUSION

[¶29] We grant the writ of review sought by the City, and hold that the district court correctly concluded that when no confinement is expressly authorized as a punishment for a particular offense, a sentencing court also lacks the authority to impose a period of probation upon a conviction for such an offense. We therefore affirm its decision that in part reversed and remanded the sentence imposed against Simonson by the Casper Municipal Court.

---

9. The statute originally stated that "[a]fter conviction or plea of guilty for any offense, except crimes punishable by death or life imprisonment, the court may suspend the imposition or the execution of sentence and may also place the defendant on probation or may impose a fine applicable to the offense and also place the defendant on probation." 1939 Wyo. Sess. Laws Ch. 91, § 1. The current statute merely reorganizes the language into subparagraphs.